## In re TRESTER.

Court of Customs and Patent Appeals. December 19, 1929.

Patent Appeal No. 2138.

134

John F. Robb and Harry C. Robb, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. ■ Herault A. Trester, the appellant, claiming to be the first inventor of certain new and useful improvements in curb forms, applied for a patent March 15, 1922, filing nine claims in said application. On June 2, 1926, the Examiner allowed claims 7 and 9 and rejected claims 1 to 6, inclusive, and claim 8. This decision was affirmed on September 20, 1927, by the Board of Appeals, following which the appellant appealed to this court, claiming error in the rejection of the above-mentioned claims. Claims 1 and 2 are fairly representative of the rejected claims and are as follows:

"1. The combination with a road rail which is complete in itself and has its own independent anchoring means, of an auxiliary curb forming attachment including a curb forming plate adapted to rest directly upon the road rail and form an extension of the working face thereof, brace members permanently secured to the curb forming plate and fitting against the road rail when the plate is in operative position, and detachable fastening means for securing the brace members to the road rail whereby the curb forming plate is held in position independently of the anchoring means for the road rail, the road rail being adapted to be used either with or without the attachment.

"2. The combination with a road rail which is complete in itself and has its own independent anchoring means, of an auxiliary curb forming attachment including a curb forming plate adapted to rest directly upon the road rail and form an extension of the working face thereof, brace members permanently secured to the curb forming plate and fitting against the road rail when the plate is in operative position, detachable fastening means for securing the brace members to the road rail, and a complemental curb forming plate rigid with the first mentioned plate and having a spaced relation thereto, the two curb forming plates and the braces being handled as a unit when the device is placed in position or removed therefrom."

The claims were rejected by reference to a patent to Leeder, No. 979,863, dated December 27, 1910, and a patent to Whiteway & Sullivan, No. 1,279,059, dated September 17, 1918. The appellant claims on a device for constructing concrete curbs. This he proposes to do by means of a pair of metallic plates, 5 and 6, one of which is to form the inner surface of the curb and the other part the outer surface of the curb. He proposes to attach this curb form to the top of the ordinary metallic road rail which is used in constructing concrete roadways. The two plates of the curb form are connected solidly by a number of inverted U-shaped braces, 7a, one end of each of which is longer than the other. This long end projects downward past a portion of the road rail and is fastened to the road rail by a headed latch member which enters a slot in the rail, and is then rotated into an angular relation with the slot to lock the rail and U-shaped brace together. The object of the device is to form, in connection with the road rail, which is independently located and anchored and which is not a part of the claimed invention, a form to hold the concrete in a proper shape for curbing, until such a time as the concrete hardens, when the form can be easily removed by again rotating the fastening until it disengages from the slot in the rail, at which time the whole device can be lifted off the road rail.

The Leeder reference discloses a device for making concrete curbs. It consists of three planks, E, E' and F, E and E', forming the outside surface of the curb and F the interior surface thereof. E is superimposed and rests upon E' and both E and E' are fastened to an inverted U-shaped T rail by holders and guides, while F is held loosely within said U-shaped device by an adjustable hook H, so arranged that when the hook is withdrawn F can be disengaged and removed. The whole device is held by lateral braces to pins embedded in the earth.

The Whiteway & Sullivan device consists of a curb form consisting of three planks, 6, 7 and 8, bolted and connected to two adjustable angular gutter form members, the whole device being held in position by pins driven through metallic extensions projecting from both sides of the device.

Neither of the cited references disclose the use of an independent road rail or, in fact, of any road rail at all in connection with the device.

■ The applicant does not contend that his apparatus produces any different result from the Leeder and Whiteway & Sullivan devices. Therefore, the patentable feature, if any, is in the structure of the device. As we look at it, the applicant simply proposes to dispense with the member E' in Leeder and the lower portion of the member 6 in White-

way & Sullivan, and use in lieu thereof the road rail already in situ and entirely independent of the device. In so doing he omits a member used in the prior art and omits also its function. Such a change does not constitute patentability. As is said in Richards v. Chase Elevator Co., 159 U. S. 477, 486, 16 S. Ct. 53, 54, 40 L. Ed. 225: "The novelty, then, must be in the combination, which differs from the combination of an ordinary elevator only in the omission of the storage feature, by which grain is housed in transit, and its identity lost. While the omission of an element in a combination may constitute invention if the result of the new combination be the same as before, yet, if the omission of an element is attended by a corresponding omission of the function performed by that element, there is no invention if the elements retained performed the same function as before."

In claims 7 and 9, which were allowed by the Patent Office, the feature of the lock to the road rail is claimed. This feature appears to be novel and may be patentable and, if so, the applicant is protected in that regard. In other respects, however, we are in agreement with the decision of the Board of Appeals that claims 1 to 6, inclusive, and 8, were properly rejected.

Affirmed.