**EVERLASTING FURNITURE BRACE CO. et al. v. WITTLIFF et al.**

**No. 4363.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 30, 1930.

Max W. Zabel, of Chicago, Ill., for appellants.

Fay, Oberlin & Fay and Horace B. Fay, all of Cleveland, Ohio, and Castle, Williams, Long & Castle, Hargrave A. Long, and Howard P. Castle, all of Chicago, Ill. (W. J. Wesseler, of Cleveland, Ohio, of counsel), for appellee Wittliff.

Before ALSCHULER, SPARKS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

Appellees sued appellants for infringement of claims 1, 2, and 7 of patent No. 1,590,921, granted to Theodore H. Wittliff June 29, 1926. The District Court held the claims valid and infringed.

The patentee says that his invention relates to a fastening device "which may be readily applied to the corners of framed structures to hold the elements thereof rigidly together," and "is also especially adapted for application to chairs, beds, tables, and like articles of furniture." Such articles become loose from hard or continuous use, and Wittliff devised means for tightening them up.

Claim 1 reads: "In an article of the character described, the combination of a plurality of bolts adapted to be applied respectively to the corner posts of a frame structure, a fastening member adjustably secured to the inner end of said bolts, a pair of tension wires adapted to have their respective ends secured to the terminal members of respective pairs of said bolts, and means connecting the central portions of said tension wires for varying the tension thereof."

Claim 2 differs from claim 1 only in that 2 requires that the plurality of bolts be "provided with inwardly faced angular heads."

Claim 7 reads: "In an article of the character described, the combination of a plurality of fastening bolts having shanks screw-threaded at one end and heads on the opposite ends with diagonal side members inclined toward said shanks, said bolts being adapted to be applied diagonally through the corner posts of a frame structure with said heads engaging the outer faces of said posts, a terminal member having a body portion and angularly disposed ends, one of which is provided with a screw-threaded aperture adapted to engage upon the shank of each of said bolts for adjustment longitudinally thereof and the other of which is adapted to engage a tensioning member, and tension means disposed centrally of said frame structure and connecting with each of said terminal members for simultaneously applying tension through said bolts against the exterior surfaces of said corner posts."

In each of these claims Wittliff declared that what he had done was to *combine* the elements set forth. The elements which he combined were these four: (1) Bolts adapted to be applied to the corner posts of a frame structure; (2) a fastening member *adjustably* secured to the inner ends of the bolts; (3) a pair of tension wires adapted to have their respective ends secured to the terminal members of respective pairs of the bolts; and (4) means connecting the central portions of the tension wires for varying the tension thereof.

Each of these elements was old in the art. Each and all of them are disclosed in the prior patents set forth in this record. The question then is, Did Wittliff *combine* these old and well-known elements in the sense of the patent law, or did he merely bring them together? If he made what is sometimes called a true combination, his patent is valid, even if every element in it was old and well-known; but if each element in the combination performs its function unaffected and unmodified by the action of the others, if there is no co-action of these elements with one another, and if their combined result is the result of each element performing its function in its own way, unmodified by the others—each element contributing its share to the work—then such combination is mere aggregation.

To be a patentable combination, "it must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions." Pickering v. McCullough, 104 U. S. 310, 318, 26 L. Ed. 749. It must produce a new and useful result as the product of the combination and not a mere aggregate of several results, each the result of one of the elements.

"If several old devices are so put together as to produce even a better machine or instrument than was formerly in use, but each of the old devices does what it had formerly done in the instrument or machine from which it was borrowed, * * * without uniting with other old devices to perform any joint function, it seems that the combination is not patentable." Brinkerhoff v. Aloe (C. C.) 37 F. 92, 96; affirmed in 146 U. S. 515, 13 S. Ct. 221, 36 L. Ed. 1068.

"Invention is constituted by an integral group of co-operant instrumentalities which by virtue of their united functions conjointly produce a novel resultant directly due to some new functional relationship or relationships established by or between them and possessing industrial utility." Roberts on Patentability and Patent Interpretation, Vol. 1, page 245.

Appellees in their brief say: "The important feature of the invention is the application of the force on the *outside* of the corner posts of the chair or other article of furniture through the medium of *bolts* applied to the corner posts."

The patent to Morton, granted in 1900, shows this important feature performing the same function and performing it in the same way as in Wittliff's device. Morton applied the force on the outside of the corner posts of the chair or other article of furniture, and applied it through the medium of bolts applied to the corner posts.

Element No. 2, if considered as a mere fastening member secured to the inner end of the bolts, is found in several of the prior patents, and, if stress be placed upon the words "adjustably secured," then it is clearly shown in the patent to Lewis, issued in 1888, and as a fastening member, adjustable or not adjustable, it functions precisely the same in Lewis and Wittliff.

Elements 3 and 4 appear in several prior patents, and they are shown functioning just as they do in Wittliff's device.

To bring these elements together, as Wittliff did, is not invention.

Reversed and remanded, with direction to dismiss the bill for want of equity.