SIEKERT & BAUM STATIONERY CO. v. STATIONERS LOOSE LEAF CO.

No. 4479.

Circuit Court of Appeals, Seventh Circuit.
July 27, 1931.

Alexander C. Mabee, Charles W. Hills, and Charles W. Hills, Jr., all of Chicago, Ill., for appellant.

Ira Milton Jones, of Milwaukee, Wis., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This is a patent infringement suit, and was instituted by appellee. The bill charges appellant with infringement of United States letters patent No. 1,184,979, issued to Henry C. Miller, May 30, 1916; and appellant in its answer pleaded invalidity and noninfringement.

The only claims in suit are 1 and 9, and the District Court found that they were valid and infringed by the structures which appellant had sold.

The claims in suit read as follows:

"1. A loose leaf binder comprising binder heads, and post members each formed of a flexible body having a socketed end to receive extension links and means associated with the other ends of the post members for extending or retracting the posts."

"9. In a loose leaf binder the combination with a binder head, and a second hollow binder head of flexible posts having ends extensively connected with the hollow binder head, a plurality of extension links adapted for connection with each other and with the other ends of the flexible posts to form continuations thereof, and head members adapted for connection either with one of the extension sections or the ends of the posts to limit movement of the posts with respect to the first head."

The devices found to infringe are manufactured by the Wilson-Jones Loose Leaf Company, of Chicago, Ill., and are sold to the trade through dealers. Appellant was such a dealer. At the time this suit was instituted, appellee also filed an infringement suit in the same court against another dealer, by the name of H. H. West Company. The questions involved and presented in both suits were the same, and the suits were tried together, and the decrees are identical. Appeals were taken in both cases, separate records were transmitted, and the cases were docketed separately. By stipulation only one record was printed and both cases were heard upon the one printed record; and with the approval of this court it was agreed that all orders entered in this cause should be considered as entered in the other cause, which is numbered 4478.

The Wilson-Jones Company was not a party in either suit, but appeared and openly conducted both defenses. The trial court found the facts specially, and rendered its conclusions of law thereon as follows:

"1. Defendant has sold within the Eastern District of Wisconsin devices exemplified by plaintiff's Exhibits 5, 5A, and 6, after the issuance of the patent in suit and prior to the filing of the Bill of Complaint herein.

"2. Said devices and each of them were manufactured by Wilson-Jones Company, and sold by it to defendant, and re-sold by the defendant as stated in finding of fact No. 1.

"3. Said Wilson-Jones Company has assumed control of the defense of this suit and is actively and openly defending the same.

"4. Flexible post binders manufactured by defendant and exemplified by plaintiff's exhibits 5, 5A, and 6 contain two binder heads, both of which exert a clamping action on opposite sides of the body of loose leaf sheets placed therebetween.

"5. Devices of the character described and claimed in the patent in suit have largely supplanted flexible post binders and also rigid post binders with extension sections.

"6. Henry C. Miller, inventor of the patent in suit, was the first one to make a flexible chain post binder which was simple, capable of indefinite expansion, and at the same time permitted fine adjustment and clamping of the loose leaf sheets when inserted therein.

"7. No single one of the prior art structures constitutes anticipation of either claims 1 or 9 of the patent in suit.

"8. The structures manufactured and sold by defendant, plaintiff's Exhibits 5, 5A, and 6, contain each and every one of the elements of claims 1 and 9 of the patent in suit.

"9. Plaintiff has notified the Wilson-Jones Company of its ownership of the patent in suit and its claim of infringement thereof in 1916, 1921, and 1928.

"10. The elements in the defendant's infringing structure aforesaid and mentioned in claims 1 and 9 of the patent in suit cooperate to produce a new and useful result and one not found in any of the binders of the prior art.

"Conclusions of Law.

"1. The patent to Henry C. Miller, No. 1,184,979, dated May 30th, 1916, is good and valid in law as to the claims 1 and 9 thereof.

"2. Defendant, Siekert & Baum Stationery Company, has infringed claims 1 and 9 of said patent by selling within the Eastern District of Wisconsin flexible chain post binders manufactured by the Wilson-Jones Company after the issuance of said patent and prior to filing the Bill of Complaint herein.

"3. No single one of the prior art structures constitutes anticipation of either claims 1 or 9 of the patent in suit.

"4. The structures manufactured and sold by defendant, Exhibits 5, 5A, and 6, contain each and every one of the elements of claims 1 and 9 of the patent in suit.

"5. The elements in the defendant's infringing structures aforesaid and comprised in claims 1 and 9 of the patent in-suit cooperate to produce a new and useful result and one not found in any of the binders of the prior art.

"6. The flexible post binders manufactured by defendant as exemplified by plaintiff's Exhibits 5, 5A, and 6 contain two binder heads both of which exert a clamping action on opposite sides of the body of loose leaf sheets placed therebetween.

"7. Wilson-Jones Company is a privy of the defendant in the above-entitled suit and is bound by the decree to be entered herein.

"8. Let judgment be entered accordingly.
"F. A. Geiger, District Judge."

Incidental to the issues of validity there are contested matters relating to invention, anticipation, and commercial success; and under the issue of invention there are contested matters relating to aggregation, substitution, equivalency, and mechanical skill.

Appellant cited many patents as prior art which collectively cover each individual element contained in appellee's device, but no one patent contained all of them. In fact, appellee admits that each element in its patent is old in the art, but it insists that its structure is a new combination of old elements which produces a novel and useful result, or an old result in a more facile, economical, or efficient way.

In determining whether or not the combination of elements in the present case is patentable we must be governed by two well-defined principles of law: (1) Where each element in the combination performs its function unaffected and unmodified by the action of the others, if there is no coaction of these elements with one another, and if their combined result is the result of each element performing its function in its own way, unmodified by the others, each element contributing its share to the work, then such combination is a mere aggregation and is unpatentable. Richards v. Chase Elevator Co., 158 U. S. 299, 15 S. Ct. 831, 39 L. Ed. 991; Brinkerhoff v. Aloe, 146 U. S. 515, 13 S. Ct. 221, 36 L. Ed. 1068; Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719; Everlasting Furniture Brace Co. v. Wittliff et al. (C. C. A.) 44 F. (2d) 129; Angier and Angier Corp. v. Nehring Electrical Works (C. C. A.) 45 F. (2d) 354. (2) It is not requisite to the patentability of a combination of old mechanical elements that each element should, in addition to performing its own function, modify the function performed by one or more of the other elements of the combination. It is sufficient if the combination of the old elements is new, and if the combined elements are capable of producing a novel and useful result or an old result in a more facile, economical, or efficient way. New York Scaffolding Co. v. Whitney (C. C. A.) 224 F. 452, and cases cited therein.

To appellant's argument that the patented device in suit is an unpatentable aggregation of old elements, appellee replies that the argument would be sound if in the combination in controversy there was no co-operation between the various elements of the claims which produced a new and useful result. This is essentially true, and, unless the combination of elements in their corelation produces a different force, or effect, or result, from the sum of that which is produced by their separate parts, the device is unpatentable. Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719; Pelton Water Wheel Co. v. Doble (C. C. A.) 190 F. 760. In each case cited by appellee in support of its position there was a new result accomplished by the combination, and something more than the sum of that produced by the separate parts.

The individual elements of claim 9, which is more specific than claim 1, are: (1) A binder head; (2) a second hollow binder head; (3) flexible posts, having ends extensively connected with the hollow binder head; (4) a plurality of extension links adapted for connection with each other and with the other ends of the flexible posts to form continuations thereof; and (5) head members adapted for connection either with one of the extension sections or the ends of the posts to limit the movement of the posts with respect to the first head.

As each of these elements was admittedly old in the art at the time of filing the application for the patent in suit, we deem it unnecessary to set forth the citations relative thereto; but it is sufficient to say that one or more of the elements mentioned in the claims in suit appeared in several of the cited structures, and in each instance where any element mentioned in the claims appears in the prior art it functions in all respects the same as it does in appellee's patent, and we are unable

to observe any new result whatever by virtue of the combination of elements.

Appellee readily admits that the extension sections, take-up mechanism, the flexible binder posts, and binder heads are all old separately; but it insists that the prior art fails to disclose any one structure combining these elements to produce the improved result accomplished by means of the binder of the patent in suit. What improved result was accomplished by means of the combination of old elements we are unable to discover. It is quite true that patentee's efforts resulted in a new and useful combination, but that fact is not determinative of the question before us. The vital question with which we are concerned is what new use resulted from the combination; for, unless the combination produced a new and useful result, or the same result in a more facile or efficient manner to such a degree as to achieve invention, it is a mere aggregation, and hence unpatentable.

The Nott patent, No. 648,987, May 8, 1900, discloses binder heads, take-up mechanism for limited extension and retraction, and flexible binder posts. The Hoffman patent, No. 690,859, January 7, 1902, discloses binder heads with flexible posts passed into one head for connection with take-up mechanism, but lacks socketed ends on the posts for addition of extension sections. The Jones patent, No. 1,155,067, September 28, 1915, discloses binders, flexible posts, and a take-up mechanism in each binder, which provides a limited extension. Appellant's Exhibit V, a device made and sold as early as 1903 by appellee's predecessor, discloses binder heads with no take-up mechanism, but it has the flexible posts which are fastened securely to the bottom binder, and the other ends of the posts engage the top binder in the same manner as appellee's device. These top sections of the flexible posts have socketed ends for connection with extension sections, thereby furnishing means for unlimited extension.

Each element mentioned in the last four exhibits is present in appellee's patent, which was applied for November 5, 1915, and issued May 30, 1916. Each of said elements occupies the same relative position and performs the same function in appellee's device as it does in the device in which it is originally found. Furthermore, they perform no other functions, either separately or in conjunction with any other element. The combination of elements in their corelation in the patent suit produces no different force or effect or result from the sum of that which is produced by their separate parts, and such new force, or effect, or result seems to be essential to appellee's recovery under the rulings of the Supreme Court. Reckendorfer v. Faber, supra; Pelton Water Wheel Co. v. Doble, supra.

The mere fact that appellee's combination of old elements resulted in a better and more convenient product does not of itself warrant the court in holding the patent valid. In Brinkerhoff v. Aloe, 146 U. S. 515, 13 S. Ct. 221, 224, 36 L. Ed. 1068, the court said: " 'To sustain a patent on a combination of old devices it is well settled that a new result must be obtained which is due to the joint and cooperating action of all the old elements. Either this must be accomplished or a new machine of distinct character and function must be constructed. * * * If several old devices are so put together as to produce even a better machine or instrument than was formerly in use, but each of the old devices does what it had formerly done in the instrument or machine from which it was borrowed and in the old way, without uniting with other old devices to perform any joint function, it seems that the combination is not patentable.' "

We are not unmindful of the presumption of validity which arises upon the issuance of a patent, nor of the evidentiary value of well-merited commercial success of the product; but neither the one nor both should be permitted to override a clear conviction of invalidity. Likewise, it is proper to consider appellant's apparent acquiescence for a number of years in the validity of appellee's patent, but such evidence cannot be persuasive unless the court be in doubt as to the invalidity.

We think the device in suit is a mere aggregation of old elements, and hence unpatentable. In view of this conclusion, it is not necessary to pass upon the other questions presented.

The decree of the District Court is reversed, with instruction to dismiss appellee's bill of complaint for want of equity.