## PARKER METAL DECORATING CO. et al. v. EHRAMJIAN.

### No. 5259.

District Court, E. D. New York.
Jan. 13, 1932.

Charles Neave, of New York City (Edwin F. Samuels, of Baltimore, Md., of counsel), for plaintiffs.

Meyers & Jones, of New York City (Harry B. Rook, of Newark, N. J., of counsel), for defendant.

GALSTON, District Judge.

This is a patent infringement suit in which infringement is alleged of letters patent No. 1,771,884, issued July 29, 1930, to H. G. Evitt. The invention is for an improvement in shields for radiators, and has for its object the provision of a device to fit over radiators of various lengths, having means also to close substantially the space between the radiator and the wall.

The specification recites that the objection to radiators of the prior art is that the current of heated air arising between the radiator and the adjacent wall carries with it dust from the floor, which becomes deposited on the surface of the wall above the radiator, or on the ceiling above. It is also said that, where the currents of heated air rise vertically above the radiator, poor distribution of

heat within the room results. At the same time admission is made in the specification that the art showed deflecting shields on radiators for throwing the heated air current toward the center of the room, and for closing the space between the radiator and the wall to prevent or reduce the air currents from behind the radiator against the wall. But, said the inventor: "Since radiators are of various lengths, however, it has been practically impossible heretofore without wasteful overstocking to provide shields or deflectors of a size to fit all lengths of radiators."

Essentially, therefore, as I read the specification, the inventor sought a device having adjustable means for shielding or deflecting the heated currents emanating from radiators.

It seems to me that it is only incidentally that he provides the front flanges of the device with a series of perforations to afford an escape of the heated air into the room. These perforations, in addition to performing that function, are also used for holding the two sections of the radiator cover together by permitting a suitable bolting means to be passed through any two of such perforations "which may be in registry when the shield or deflector is at its proper length."

Claims 1 and 3 are in issue. They read:

"1. A shield for radiators adapted to fit over the top of a radiator, comprising cooperating telescoping sections, each in the form of an inverted channel and each having a front flange and a back flange, a flap depending from the back flange to close the space between the radiator and an adjacent wall, the front flange and the flap of one section having turned edges in which the edges of the other section slide, said flap being adjustable by bending to fit the said space between the radiator and wall, said front flanges being each formed with a series of apertures, the apertures of one series registering with those of another series when said sections are in positions of adjustment."

"3. A shield for radiators adapted to fit over the top of a radiator, comprising cooperating telescoping sections, each in the form of an inverted channel and each having a front flange and a back flange, a flap depending from the back flange to close the space between the radiator and an adjacent wall, the front flange and the flap of one section having turned edges in which the edges of the other section slide, said flap being adjustable by bending to fit the said space between the radiator and wall, and said front flanges each having a series of air outlet apertures."

The difference between claim 1 and claim 3 is that the former contains a provision calling for the apertures of the two sections of the radiator to register, whereas the latter, the broader claim, provides merely that the front flanges shall each have a series of air outlet apertures.

The defendant asserts that the claims are invalid as lacking invention over the prior art, and also on the ground that the claims constitute mere aggregations of old elements.

I think it appears beyond the possibility of doubt that each and every element of these claims, save that in the first claim which relates to the registering of the apertures of the front shields, is found in the prior art. For example, "a shield for radiators adapted to fit over the top of a radiator comprising cooperative telescoping sections" is shown in the patents to Moore, 1,062,986, to Besson, 1,493,235, to Elters, 1,734,568, and to Sweitzer, 1,624,997.

In the patent to Moore, it is said: "Another object of this invention is to provide an extensible radiator cover that will serve many purposes, among which may be mentioned that of a level and uninterrupted support for matter that can be placed upon the radiator and heated thereby, as clothes."

And in Sweitzer it is said: "It will be evident that the described shield is adapted by the sliding engagement of its parts for use on radiators of different longitudinal dimensions."

The Moore patent also shows the telescoping sections in the form of inverted channels.

The patents to Wagner, 1,104,587, to Larson, 1,310,705, and to Sweitzer, 1,734,924, show radiator covers having a front flange and a back flange. It may be noted that the patent to Moore also shows the radiator cover to have front and back flanges, but not in themselves wide enough to hold a cover on the radiator. The adjustable back flange appending from the rear flange referred to in the claims in suit is found in the Sweitzer patent, 1,624,997, in the patent to Elters, 1,734,568, in the Wagner patent heretofore referred to, and in the Wasserman patent, 1,372,055.

The Moore, Besson, and Elters patents also show inturned edges on one of the sections in which the edges of the other section slide. The Wasserman patent discloses "a weakened bendable portion of the plate 4 so that the same may assume different positions as shown by dotted lines in Fig. 8," just as indicated in the claims in suit, which provide

that the rear flange be adjustable by bending to fit the space between the radiator and the wall.

Openings in the front flange are shown in patent No. 842,914 to Schafer. It may be noted also that this patent discloses overlapping adjacent ends of sections "so that the latter can be used in connection with any radiator." Such apertures are shown also in Sweitzer patent 1,724,924, in which patent it is said: "The front piece is further provided with a plurality of die stamped openings 12 permitting the air currents to escape from the interior of the shield." They are also shown in Garrett, 1,490,101, in Lewis, 1,575,-632, and in Baxter, 1,625,931.

Thus, each and every element of claim 3 is found in the prior art; and each of the elements of the claim operates in exactly the same way and produces exactly the same result as in the patented device. The sum of the functions of this device is merely the sum of the functions of the corresponding elements as shown in the prior art. In such circumstances there can be no invention, for aggregation is not invention. Hailes v. Van Wormer, 20 Wall. (87 U. S.) 353, 22 L. Ed. 241; Siekert & Baum Stationery Co. v. Stationers Loose Leaf Co. (C. C. A.) 51 F.(2d) 326.

There remains for consideration the question as to whether claim 1 shows invention, because an arrangement is disclosed whereby the apertures of one of the telescopic members can be brought to register with the series of apertures in the other section. The specification suggests two advantages which are gained by this arrangement. One, to afford an escape for the heated air into the room. The second, to enable bolting means to be passed through corresponding slots.

There is grave doubt in my mind whether the means embody invention. Certainly mere adjustability of parts does not constitute invention, and if it were desirable, therefore, to secure escape for the heated air, the prior art showed that; and to bring the two sections into adjustment would require nothing more than mechanical skill. See Smyth Mfg. Co. v. Sheridan (C. C. A.) 149 F. 208; American Graphophone Co. v. Gimbel Bros. (C. C. A.) 240 F. 971, 972.

Clearly, if the openings were omitted from the front flanges, air would escape to the center of the room below the lower edges of those flanges. Moreover, conceding that a Patent Office drawing is not a mechanical drawing, it is not unreasonable to infer from the size of the openings shown in the front flanges, as compared with the depth of the flanges, that circulation would be helped but little by the provision of such alleged air passages. The case is certainly made no better in the argument for invention to assert that these openings can be used for receiving a fastening bolt. Such an act in this day of marked mechanical skill and knowledge should not be dignified as inventive. American Graphophone Co. v. Gimbel Bros., supra.

I am of opinion, therefore, that the claims are invalid for want of invention, and that the complaint should be dismissed.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.