Modified.

**In re MORGAN.**
**Patent Appeal No. 3130.**

Court of Customs and Patent Appeals.
May 22, 1933.

Arthur F. Larrabee, of Los Angeles, Cal., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for want of invention over the prior art, claims 1 to 4, inclusive, of appellant's application for patent, claim 5 having been allowed.

Claim 1 is illustrative of the claims on appeal, and reads as follows:

"1. A screw holding attachment for screw drivers comprising a head portion having resilient parts adapted to be detachably sprung over the shank of a screw driver; whereby to frictionally secure said head portion to said shank in any position to which said head portion is slid; a shank or body portion, and a laterally extending foot portion adapted to engage and hold a screw while the screw driver is operating thereon, the resilient parts of said head extending laterally from said body portion and toward the same sides thereof as said foot portion."

The references cited by the Board are: Lipscomb, 1,513,406, October 28, 1924; Reinhalter, 1,392,796, October 4, 1921; Fox, 1,403,680, January 17, 1922; Quimby, 491,-687, February 14, 1893.

As indicated by the claim above quoted, the application of appellant relates to a device for screwdrivers. The alleged invention is described in the decision of the Board of Appeals as follows: "Appellant's disclosure relates to a screw holding attachment for screw drivers comprising an elongated body portion, having at one end a pair of resilient clip portions extending at substantially right angles to the body portion and adapted to be detachably sprung over the shank of a screw driver, and having at the other or lower end a bifurcated foot portion extending at right angles to the body portion and adapted to straddle the shank of a screw and hold the head of said screw in abutment against the operative end of a screw driver."

The claims were rejected by both tribunals of the Patent Office on the reference Lipscomb, in view of the references Fox and Reinhalter.

■ The Board of Appeals held that the Lipscomb patent, in the lower part of the structure there shown, discloses substantially the same structure as is shown in appellant's application, and that the omission or exclusion of a part of a mechanism, with a corresponding omission of function, so that the retained parts do just what they did before, is considered a mere matter of judgment, depending upon whether it is desirable to have the mechanism do all or less than it did before. Accordingly, the Board applied the well-established principle that it is not inventive to omit one or more of the parts of a machine or manufacture with a corresponding omission of function. In re Trester, 36 F. (2d) 133, 17 C. C. P. A. 642. We are in agreement with the conclusion of the Board of Appeals.

■ The lower part of Fig. 1 of the Lipscomb patent, as stated by the Board, discloses substantially the same structure as is shown in appellant's application. In other words, all that appellant discloses is shown in Lipscomb; the difference resides in the fact that in Lipscomb the body portion of the holding device, which parallels the shank of the screwdriver, is extended further up said shank; said body portion extending approximately 80 per cent. of the length of the shank. In the Lipscomb patent there is a pair of clamping arms surrounding the shank at the uppermost end of the device, nearest the handle of the screwdriver; between this point and the blade of the screwdriver is an intermediate pair of clamping arms. Between these pairs of clamping arms there is a pin transverse of the shank, upon which pin rests a spiral spring; the tension of this spring is exerted upward upon a washer supporting the upper pair of clamping arms, and its tendency is to hold the head of the screw against the blade of the screwdriver when once the screw head is in position between the bifurcated foot of the holding device and the operative blade of the screwdriver. The structure of appellant, on the other hand, consists of a similar bifurcated foot and a body portion parallelling the shank of the screwdriver, but extending so far as to include only the lower clamping means shown in Lipscomb; in other words, the disclosure of appellant does not include the upper clamping means and the spring mechanism of Lipscomb.

The references Fox and Reinhalter show that it is old to provide a holding device in a single piece without the use of a spring or other operative parts.

Appellant argues that the clamping means shown in Lipscomb serve merely the purpose of holding the body of the holding device in

a spaced relation to the shank of the screw-driver, and that they permit the holding device to move longitudinally of the shank. The specification of the Lipscomb patent, referring to said clamps, states as follows: "The tongues 12 are properly curved to partially embrace the shank 5 so that the attachment is held against accidental detachment from the screw driver shank and is free to move longitudinally on said shank to permit position of the screw 8."

It appears to us that, while these clamping arms exert a sufficiently slight binding action upon the shank to permit the coiled spring to pull the entire holding device up into operating position against the blade of the screwdriver, nevertheless there is sufficient of such binding or clamping action as would accomplish the same purpose as does the clamping feature of appellant's structure. In other words, if so much of the Lipscomb structure as is not disclosed by appellant be dispensed with, it is not clear to us why the remaining portion of the structure would not perform exactly the functions claimed for the structure of appellant. Appellant's argument is predicated upon the theory that it is apparent that the clamps of the Lipscomb patent fit loosely around the shank because they are "free to move longitudinally." We do not think this is true; it may be observed that the clamping means of appellant's disclosure is also free to move longitudinally in that the entire device may be slid along the shank of the screwdriver; in other words, it is not fixed in position.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.