232

24 C.C.P.A.(Patents)

### Application of RODMAN et al.
### Patent Appeal No. 5292.

Court of Customs and Patent Appeals.
April 22, 1947.

Emory L. Groff, of Washington, D. C., for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 5 and 6) in appellants' application for a patent for an alleged invention relating to a lubricant distributing applicator for lubricating railway rails.

Claim 6, which is representative of the appealed claims, reads:

"6. In a rail lubricating apparatus, a lubricant distributing applicator comprising a continuous vertical wall element provided in its inner face with a single longitudinally extending main supply channel having a single feeding port and a plurality of auxiliary longitudinally extending feeding channels spaced from the said main supply channel and each in communication with the latter channel, a one-piece continuous wiping plate covering the channeled face of the wall element and provided therein with spaced apart holes each of which is in communication with one of said auxiliary feeding channels, a single continuous removable and replaceable outlet plate fitting against the inner face of the wiping plate and provided with spaced apart groups of lubricant distributing slots opening through the top edge of the outlet plate, the slots of each group having their inner closed ends in open communication with a single related hole in the wiping plate, and a single gasket plate fitting against the rear face of the outlet plate in closing relationship to said lubricant distributing slots."

The references are:
Overmier et al., 2,163,288, June 20, 1939.
Bates, 2,168,554, August 8, 1939.

Appellants' application relates to a lubricant applicator which is adapted to be clamped to a railway rail and to extend along the side thereof. The applicator is made up of a plurality of relatively long, narrow plates, which are bolted together. The outermost of the plates, that is, the one which lies farthest from the rail surface to be lubricated is provided, near the lower edge of its inner face, with a main lubricant distributing channel which extends longitudinally of the plate. At each end of the main channel a short vertical groove extends upwardly and joins the middle of an auxiliary lubricant distributing channel. The auxiliary channels extend along the inner face of the plate near its upper edge and overlap the main channel. Lubricant is supplied to the central portion of the main channel by a pump which is actuated by the passage of car wheels over the rail.

Bolted against the inner face of the outermost plate is a second plate which covers the main and auxiliary channels, thus forming closed passages. The lubricant, entering at the middle of the main channel, flows to each end of it and upwardly to the middle of each auxiliary channel.

It then flows along each auxiliary channel to the end thereof. The second plate, opposite each end of each auxiliary channel, is provided with a circular opening through which the lubricant passes to the inner surface of the second plate.

The third plate, which lies against the inner face of the second plate, is provided, adjacent each of the circular openings in the second plate, with a pair of slots which, at their lower ends, communicate with the circular openings, and diverge upwardly from such openings through the upper edge of the plate adjacent the rail surface to be lubricated. A fourth plate, which is secured against the inner face of the third plate, provides an imperferate surface opposite each of the slots in the third plate, so that the lubricant, which enters the slots through the circular openings in the second plate, is forced to flow upwardly through the slots and is discharged on the rail surface. The assembly of plates is completed by a relatively thick supporting plate which lies against the inner side of the fourth plate, the entire assembly being secured together by bolts which pass through registering holes in each of the plates.

The patent to Overmier et al. discloses a lubricant applicator generally similar to that of appellants. In the Overmeir et al. device the outermost plate is provided in its inner face with a single longitudinally extending main lubricant channel, to the middle of which the lubricant is supplied. A second plate, secured to the inner face of the outermost plate, serves to cover the channel thus providing a closed lubricant passage, and a circular opening is provided at each end of the lubricant passage. A third plate, which lies against the inner side of the second plate is provided in its outer face with two auxiliary channels, each of which overlies one of the circular openings in the second plate in such manner that the opening is opposite the middle of the channel. A circular opening is provided at each end of each auxiliary channel through which the lubricant passes to the inner surface of the third plate. With that arrangement, as with that of appellants, the lubricant enters the middle of the main channel, flows to the ends of that channel, enters the middle of each of the two auxiliary channels and flows to each end of each of those channels.

Adjacent each of the circular openings through the inner face of the third plate there is provided a short plate having a circular opening registering with the opening in the third plate. A series of such plates is provided, one for each opening in the third plate. Adjacent the inner face of each of the short plates there is provided a second similarly shaped short plate, each of which is provided with a wide slot opening through its top adjacent the rail surface to be lubricated. Behind each slotted short plate is a similarly shaped plate which closes the back of the slot, so that the lubricant is forced to flow upwardly through the slot and is discharged on the rail surface. The assembly is completed by a single thick supporting plate which extends throughout the length of the series of short plates below the tops of such plates, and provides a backing member for them. The rail is notched at a point adjacent each set of short plates, and the sets of plates are fitted into the corresponding notches.

The patent to Bates discloses a rail lubricating assembly made up of four plate members. The plate which lies farthest from the rail is provided in its inner face with a longitudinally extending channel which receives lubricant through a passage connected with its central portion. Adjacent the inner face of that plate is a second plate, provided with a longitudinal slot which registers with the channel in the first plate. The inner face of the second plate is provided with a series of vertical grooves which extend upwardly from the slot to the upper edge of that plate. The third plate, which lies against the inner face of the second, serves to cover the slot and the grooves, thus forming vertical passages which conduct lubricant upwardly from the slot and discharge it on the rail. The fourth member of the assembly is a thick packing plate.

The Primary Examiner rejected the appealed claims on the disclosure in the patent to Bates in view of the disclosure in the patent to Overmier et al. On appeal, the board held the claims to be unpatentable

over the Overmier et al. patent alone. The board, however, did not reverse the examiner's rejection on the disclosure in the patent to Bates in view of the disclosure in the patent to Overmier et al., and that rejection is, therefore, before the court for review. In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A., Patents, 991; In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718.

Although the point was apparently not raised before the Patent Office tribunals, and is not urged in appellants' brief, counsel for appellants, in oral argument, emphasized the fact that, in the Overmier et al. device, on which the board seems to have relied exclusively, the rail is notched to receive the lubricating means, whereas no such notching is necessary in using the apparatus of appellants' application. That argument does not apply to the disclosure in the Bates patent, since the patentee's device does not require notching the rail.

The general arrangement of parts in the structure disclosed in the patent to Bates is the same as in that of appellants, the lubricant in each case entering through the side of the outer plate, being distributed through horizontal passages and passing upward through a series of spaced vertical passages between intermediate plates until it is discharged upon the rail.

The appealed claims call for some differences in structure from the structures disclosed in the references of record. For example, in the Bates structure the vertical passages in the second plate are in the form of grooves which do not extend entirely through the plate, whereas the appealed claims, as stated in claim 6, call for pairs of "lubricant distributing slots" which extend entirely through a separate plate.

Claim 6 also calls for a "plurality of auxiliary longitudinally extending feeding channels spaced from the said main supply channel," whereas the patent to Bates discloses a main longitudinal channel only.

The patent to Overmier et al. discloses single lubricating slots extending entirely through a series of plates instead of pairs of slots extending through a single plate, as called for by the appealed claims. The patentee Overmier et al. also discloses main and auxiliary lubricant distributing channels.

It may be that the structure defined by the appealed claims distributes the lubricant more uniformly over the rails, although there is no evidence of record to establish that fact.

We have given careful consideration to the argument presented here by counsel for appellants but are of opinion that although the structure, as called for by the appealed claims, differs from the structures disclosed in the references, we think it would be obvious for one skilled in the art, with the reference patents before him, to modify the references in the manner called for by the appealed claims, without the exercise of invention.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.