**Glenn L. ANDERSON and Hubbs & Howe Company, Plaintiffs-Appellants,**

v.

**PHOENIX PRODUCTS COMPANY, Defendant-Appellee.**

**No. 11379.**

United States Court of Appeals
Seventh Circuit.

Sept. 29, 1955.

James T. Hoffmann, Cleveland, Ohio, Victor M. Harding, Milwaukee, Wis., for appellants.

Ira Milton Jones, Milwaukee, Wis., for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs appeal from a judgment decreeing the patent to Glenn L. Anderson, No. 2,479,993 invalid, and dismissing plaintiff's complaint for infringement.

In its decision, reported in 127 F.Supp. 732, the district court explained fully the patent in suit, the prior art and the other evidence submitted by the respective parties and concluded that Anderson was anticipated and that, if not, the prior art, of which he was bound to take notice, was such that any skilled person delving therein would accomplish the same result. The court supplemented its opinion by formal additional findings of fact and conclusions of law, finding specifically that Steele, No. 1,879,918, Guyer, No. 2,377,776, and Chadwick, No. 2,334,068, anticipated Anderson. In view of the scope of the district court's opinion, supplemented by its findings, and in view of our conclusions, we deem it unnnecessary to reiterate the many details of fact now perpetuated of record in the reported opinion.

Plaintiffs contend here that the patent is valid, and that a judgment of infringement should be entered by this court, or the cause remanded for entry of such judgment by the district court. They insist, moreover, that the trial court misconceived the nature of Anderson's patent; that, instead of considering it as one for a collar support, the court should have interpreted it as claiming and covering "in combination, a collar attached shirt and a garment shape maintaining device commonly called a collar support of specific construction assembled within the collar band and the portion of the shirt adjacent to the collar band in a specific manner." In other words, plaintiffs insist that Anderson invented a package combination consisting of a shirt and a collar support inserted therein, and that the district court failed to comprehend and act upon plaintiff's claim in this respect.

In our opinion the claim that Anderson invented a combination of a shirt and a collar support is not justified by the application, the file wrapper, the specifications, or the allowed claims. Thus, we find that in the original application, the patentee described his claimed invention as a "garment shape maintaining device." Throughout the file wrapper, the language used by the applicant purported to cover a device adapted "to be removably associated" with a garment for maintaining its shape, and neither the specifications nor the claims, as allowed, indicate that Anderson had in mind anything other than a device to be used to support a collar in a shirt, and that he was not claiming an invention of a combination of a shirt and a collar support. Thus the claims speak of a "garment shape maintaining device consisting of an elongated strip of flexible material" formed in a particular manner.

To our way of thinking this was merely a claim of an improvement over the patent to Steele, No. 1,879,918, entitled "Collar Stiffener and Reinforcement Means" intended to be inserted under a shirt collar in order to support it, over that of Chadwick, No. 2,334,068, for a "collar support" "for laundered shirts" and over Guyer, No. 2,377,776 for a "shirt protecting device" to hold the collar in a firm position and provide stiffening elements to keep the collar from becoming creased or wrinkled. If Anderson is within this prior art, as the court found, then he could not add to his invalid claim, the addition of a shirt in combination and thus achieve invention over the prior art, which discloses devices to be used in association with a shirt collar to preserve its form. To do what Anderson claims to have done in this respect amounts to mere aggregation.

■ Moreover, such a combination would achieve no new or different result over the prior art, which contemplated the use of the device in the same manner. Anderson taught no new or different result. Though an inventor may create a patentable combination of old elements, in order to amount to invention, the combination must bring about a new and useful result. Everlasting Furniture Brace Co. v. Wittliff, 7 Cir., 44 F.2d 129. See also Pickering v. McCullogh, 104 U.S. 310 at page 318, 26 L.Ed. 749, and Brinkerhoff v. Aloe, C.C., 37 F. 92 at page 96, affirmed 146 U.S. 515, 13 S.Ct. 221, 36 L.Ed. 1068.

■ Furthermore, as he asserted in his application and as his allowed claims define an invention merely for a device to keep collars straight, to hold that he invented also the combination of a shirt and collar support would do violence to the reasoning upon which patents are allowed. Granting that he hit upon an improvement, though he did not patent it as such, he now claims it only in combination with other old elements which perform no new function. In such situation "the patent is * * * void as claiming more than the [patentee] invented." Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545 at page 549, 58 S.Ct. 662, at page 664, 82 L.Ed. 1008.

■ It follows from what we have said that the district court properly looked upon and considered Anderson's alleged invention as one for a flexible support to be inserted in any shirt with the collar attached, to maintain in proper form, the freshly laundered collar. Inasmuch as the court has properly considered the patent and has heard the evidence, oral and documentary, and reached the conclusion that the patent was anticipated and that the alleged invention was obvious to anyone skilled in the art, we cannot disturb the judgment unless we can say as a matter of law that the findings and conclusions are plainly erroneous.

■ In recognition of our duty in this respect, we have examined the evidence submitted, including all the prior art, and conclude that the court was justified in finding that each of the three prior patents anticipated. Whether any of them amounted to invention is a question not now before us. Suffice it to say that all Anderson did was to provide a collar support, as other delvers in the art had done, and that he did not materially or substantially vary or improve upon their teachings. It seems obvious to us that when Anderson began his exploration of the art he learned from Guyer the use of a substantially rectangular cardboard strip similar in shape and size to that which he finally adopted, having slits extending inwardly from one long side edge of the collar and converging toward the center portion of the strip. In other words, Anderson's claims, we think, read squarely on Guyer. The mere omission of certain score lines did not amount to invention. In re Morgan, 64 F.2d 991, at page 992, 20 C.C.P. A., Patents, 1080. And whether Guyer realized the full potential use of his device, is immaterial. McIlvaine Patent Corp. v. Walgreen Co., 7 Cir., 138 F.2d 177, at page 179. Steele, in 1,879,918, disclosed a collar support which, for all material and substantial purposes, is identical with that of Anderson's. Anderson discarded one portion of Steele's support, but that fact does not in the slightest degree affect the utility of what was left of Steele. The part discarded did not affect the function accomplished by Steele and adopted and claimed by Anderson. The district court also fully considered Chadwick, No. 2,334,068. We find no justification for disapproval of its comments relative thereto.

We conclude, therefore, that the court correctly held that Anderson was anticipated and that he, as a delver in the esthetic science of collar supports, with the prior art before him, must have found it obvious to do what he did.

■ Defendant contends that it is entitled to recover reasonable attorneys' fees on this appeal. However, the district court found that plaintiffs acted and have prosecuted their action in good faith and we find nothing to impeach that honest intent in the prosecution of this appeal. Therefore, the prayer for attorneys' fees is denied.

The judgment is

Affirmed.