## PRESTON *v.* MANARD & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted January 6, 1886.—Decided March 1, 1886.

A hose-reel, mounted upon a wheeled carriage, supporting a fountain standard, and provided with a foot or brace to sustain it in an upright position, and with a nozzle-holder, being in common use ; a patent for a combination of these elements with "a reel of large diameter to allow the water to flow through the hose when partially wound thereon " is void for want of invention.

This was a bill in equity for the infringement of letters patent granted October 10, 1876, and reissued February 22, 1882, for an improved fountain hose-carriage.

The specification of the original patent, after describing the apparatus as consisting of a standard mounted upon an axle, to which are applied two wheels and a foot so contrived that, when the device rests upon the tripod formed by the wheels and the foot, the standard will assume an upright position to serve as a suitable fountain-standard ; and the standard, for this purpose, having at its upper end a nozzle-holding contrivance, and at a suitable height from the ground a collar turning loosely upon it, to which is affixed the spindle of the hose-reel ; a set screw through one of the hubs of the reel, entering a groove in the spindle, and serving to hold the reel from slipping off, and also, by applying more or less friction, as a means of locking the reel from turning, or as a brake to prevent its turning too freely ; on the face of the outer four arms of the reel, clasps which serve as a means not only for holding the nozzle, when desired, but also for holding the butt of the hose when it is all reeled in, or an intermediate part when the butt is connected with the hydrant ; two handles near the top of the standard to afford a grasp in wheeling the apparatus about from place to place, and another handle projecting to the rear from the collar, to serve as a hold for the hand in shifting about and adjusting ; proceeded as follows :

" In operation, the butt of the hose may be attached to the

hydrant, and the body of the hose being upon the reel, the standard and reel may be wheeled along to the place desired, paying out hose as it goes. More or less hose may be thus paid out, and the nozzle being poised to its work, it may remain in operation for a time in a fixed position or at rest; or the apparatus may be moved about from place to place and the hose taken up or paid out to suit, while the water is playing as well as when shut off. The reel being supported at a considerable height from the ground renders it possible to employ a reel of a sufficient diameter so that the water will freely flow through the portion of the hose wound thereon. It will be seen, therefore, that the apparatus may be used as a lawn fountain or sprinkler, and moved from place to place without touching the hose with the hands, thus avoiding the dirt and wet; and also that the hose may be taken up or paid out from the standard itself as it is moved about, which is a better way than having the standard at one place and the reel at another, or than having no reel, because the work may be all attended to at the standard, and no more hose left on the ground than is absolutely necessary. With a view to this method of using the apparatus, a peculiar feature of the reel consists in the fact that the hose is wound upon four separate points or bars. This, in connection with the large diameter of the reel, facilitates the discharge of the water. To make this clear it is necessary to understand that each bar is liable to make a dent upon the inner side of the hose. This dent the water passing through will straighten out; but the effort to straighten the dent will cause a tendency of the hose to rise at this point, and in the part of the hose between the bars to recurve or bend toward the centre of the reel. Now, if a solid drum is employed, or a reel composed of a large number of bars, this rising and recurving tendency is resisted by the intermediate points or bars, and the dent or flattening or compression resists the water and will not straighten out. By sufficiently loosening the set-screw, so that it will clear the groove in the spindle, the reel may be taken entirely off from the standard, and the latter in such case may be used as a plain reelless fountain-standard."

The first claim in the original patent was as follows :

" 1. The hose-reel, mounted upon a wheeled carriage, which is provided with a foot or brace, by means of which it may be sustained in an upright vertical position, whereby the device becomes capable of use, both as a hose-carriage and as a fountain-standard, substantially as specified."

A former suit, brought March 29, 1880, by the plaintiff against the defendants, under the original patent, was heard upon pleadings and proofs, and dismissed by the court on January 6, 1882, for want of novelty. On January 21, 1882, the plaintiff applied to the Patent Office for a reissue, which was granted on February 22, 1882, with a specification exactly like that in the original patent, but with different claims, the first and only material one of which was in these words :

" 1. The combined hose-carriage and fountain-standard, consisting in the combination of the following elements, viz. : A wheeled carriage provided with a foot or brace, by means of which it may be sustained in an upright vertical position, a nozzle-holding device, and a reel of large diameter to allow the water to flow through the hose when partially wound thereon, substantially as specified."

The present bill was filed April 13, 1882. By the evidence taken in the cause, it appeared that a fountain-standard and hose-reel, mounted upon a wheeled carriage, provided with a foot or brace to sustain it in an upright position, and with a nozzle-holder, were known and used in combination with each other before the plaintiff's alleged invention. This bill also was dismissed, and the plaintiff appealed to this court.

*Mr. John W. Munday* for appellant.

*Mr. J. F. Farnsworth* and *Mr. C. M. Brazee* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court. After stating the facts as above reported, he continued :

It is unnecessary to consider the difference between the claim in the reissue and the claim in the original patent, because, assuming the reissue not to be invalidated thereby, yet it sets forth no patentable invention.

The hose-reel, the standard, the brace, the nozzle-holder, and their use in combination, being all old, the description of the hose-reel, in the specification and claim, as "a reel of large diameter to allow the water to pass through the hose when partially wound thereon," is not sufficient to sustain the patent.

The requisite diameter of the reel, and its proportion to the size of the hose, are not defined in the specification, but are left to be ascertained by experiment, or from general knowledge. If the patentee had discovered anything new in the size or proportions of the reel, requisite to allow the water to flow through the hose, he should have described it with such precision as to enable others to construct the apparatus. The fact that water will flow through a hose wound on a reel, if the diameter of the reel is large enough, and the curves or angles are not too abrupt, is a matter of common knowledge, which no one can appropriate to his own use, to the exclusion of the public. In any view of the case, the specification describes nothing that the patentee is entitled to claim, but only what every one has a right to use without his assistance. *Guidet* v. *Brooklyn*, 105 U. S. 550; *Flood* v. *Hicks*, 2 Bissell, 169; *S. C.*, 4 Fisher Pat. Cas. 156; *The King* v. *Wheeler*, 2 B. & Ald. 345, 354; *Macnamara* v. *Hulse*, Car. & M. 471, 477; *Kay* v. *Marshall*, 7 Scott, 548; *S. C.*, 5 Bing. N. C. 492; 1 Beavan, 535; 8 Cl. & Fin. 245; West H. L. 682; 2 Webster Pat. Cas. 34, 68, 75, 77, 82, 84.

To sustain this patent would be to deprive the public of the right to arrange and use a well known apparatus in the only way in which its purpose can be beneficially accomplished.

*Decree affirmed.*