BURKE ELECTRIC CO. v. INDEPENDENT PNEUMATIC TOOL CO.

(Circuit Court of Appeals, Second Circuit.   May 16, 1916.)

No. 117.

PATENTS ⊙═76—VALIDITY—PRIOR SALE—RESALE—"ON SALE."

   Within Rev. St. § 4886 (Comp. St. 1913, § 9430), denying patents for an article which has been on sale for more than two years prior to the application, articles for which a patent is sought, on hand ready to be delivered to any purchaser, are "on sale," regardless of whether any of them are sold; but where orders are taken only for subsequent delivery, the article is not on sale at that time, though the invention be complete.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 92, 98; Dec. Dig. ⊙═76.

   For other definitions, see Words and Phrases, Second Series, On Sale.]

Appeal from the District Court of the United States for the Southern District of New York.

On petition for rehearing.   Petition denied, and former opinion affirmed.

For former opinion, see 232 Fed. 145, —— C. C. A. ——.

Dyer & Taylor, of New York City (J. Edgar Bull, of New York City, of counsel), for appellant.

Edwards, Sager & Wooster, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM.   The proofs in this case show that the patented motors were ordered two years and a few days before the application for the patent was filed, but were not delivered and could not have been delivered until a time within the two-year period.   The question is as to the proper construction of the words "not in public use or on sale" in Rev. St. § 4886 (Comp. St. 1913, § 9430).   The combination of the words indicates that the sale contemplated is such as creates an opportunity for present public use.   It is a situation quite different from the reduction to practice necessary to sustain anticipation.   Judge Learned Hand apparently had this in mind when he held that the completion of the invention, though very important in a competition as to priority, was not important upon the question whether the public was using or given the opportunity of present use of the invention.   The provision ought to be construed favorably to patentees.   If patented articles are on hand ready to be delivered to any purchaser, they are on sale, whether any of them has been sold or not.   But, if they are not, they cannot be said to be on sale within the meaning of the act, though the invention itself has ceased to be experimental and is complete.   This certainly should be true of articles which can be carried in stock, like the motors in question.   Such was the case in Covert v. Covert (C. C.) 106 Fed. 183; National Cash Register Co. v. American Cash Register Co., 178 Fed. 79, 101 C. C. A. 569.   Although in Dittgen v. Racine Co. (C. C.) 181 Fed. 394, it was the practice not to make the patented articles until after they were ordered, still thousands of them

had been made and delivered more than two years before the inventor applied for his patent. We incline to follow McCreery v. Fan Co., 195 Fed. 498, 115 C. C. A. 408.

· The petition is denied.