## MEINECKE & CO. v. LISK MFG. CO.

(District Court, S. D. New York. October 16, 1920.)

Patents ⊝=328—920,463, for improvements in bed and douche pans, held void for lack of invention.

    The Meinecke & Co. patent, No. 920,463, for alleged improvements in bed and douche pans, *held* void for lack of invention.

In Equity. Suit by Meinecke & Co., a corporation, against the Lisk Manufacturing Company. Decree for defendant.

Decree affirmed, 274 Fed. 748.

Wilbur E. Warland, of New York City, for plaintiff.

Oscar W. Jeffery, of New York City, for defendant.

LEARNED HAND, District Judge. In this case the patent has, in my judgment, no patentability over Hogan's original patent, even if there was nothing else in the case. It is exactly the same invention, except that the claims require that the lip or spout shall be at least as high as the level of the thigh supports. In Hogan's patent, 651,310, that spout is only very slightly lower than the thigh supports, and the only distinction in the patent, whatever may have been the actual practice, is that the lip or spout shall be *as* high. Such a distinction would be a mere question of degree, and would not support a patent.

But when you come to look at the art it is perfectly clear that, even if there was any invention over Hogan, 651,310, in having the spout *as* high as the thigh support, it was anticipated by several patents. It is quite true, there is no exact anticipation of the whole patent in suit in

all its details, but the practice had early indicated the desirability of having a high front. As far back as 1887, in Haertel's patent, there was a large front wall, very awkward, no doubt, and perhaps for that reason discontinued, but exactly answering the purpose of this new element here. In Ovington's patent of 1889, the whole invention is also anticipated, except that the thigh features are not present; instead there were rounded edges, which undoubtedly cut the thighs of the patient. The art came to see that this was undesirable, and therefore the rounded inside pieces were run the whole way to the front, as, for example, in Gold, in Nelson, in Hogan's design patent 32,788, in Meinecke & Hogan's 712,700, and in Meinecke & Hogan's 760,229, though in the last the thigh pieces were flanged out instead of in. Of these patents, Nelson's would be exactly the same thing as the patent in suit, if it had been made in a single piece of enameled iron ware. It was not made in that way, for there was an elaborate structure of pneumatic cushions which was objectionable; but the idea of the high front and thigh pieces was clearly disclosed, and the purpose of the high front is exactly the same as that of the patent in suit—i. e., to prevent the splashing of the fecal matter in case of a loose discharge.

Finally, the proof from commercial user is inconclusive. So far as the patented pan has displaced the low front in hospital service, it is open to doubt whether it is not as much from the cleanliness of its unitary structure as from the high front. Certainly in the plaintiff's advertisements both elements are equally emphasized. That the patent may be the present preferred form I may accept; it will not make the element an invention, where the art had developed it so fully. Rather I attribute the success of the patent to the cheap and convenient design and structure of the article as a whole. Commercial success is notoriously a dangerous basis of invention, except when we can see that it depends altogether upon the actual elements which the patent adds.

The bill is dismissed, with costs, for lack of invention.