## INTERNATIONAL FLATSTUB CHECK BOOK CO., Inc., v. YOUNG & SELDEN CO. OF BALTIMORE CITY.

(Circuit Court of Appeals, Fourth Circuit. November 24, 1922.)

No. 2023.

1. Patents ⬅328—1,307,708, for check book, void for anticipation.
    The Smith patent, No. 1,307,708, for a check book, *held* void for anticipation.

2. Patents ⬅36—Commercial success as evidence of invention.
    Commercial success is persuasive of invention in doubtful cases, but such success may be due to advertising or other causes, having no relation to the novelty of the article.

3. Patents ⬅112(3)—Presumption of novelty lessened when anticipating patent is not cited.
    The presumption of validity arising from grant of the patent is greatly weakened, where the file wrapper contains no reference to an alleged anticipating patent.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in equity by the International Flatstub Check Book Company, Inc., against the Young & Selden Company of Baltimore City. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 278 Fed. 835.

John Watson, Jr., of Baltimore, Md. (Pollard & Smith, of Richmond, Va., on the brief), for appellant.

Edwin F. Samuels, of Baltimore, Md. (Redmond C. Stewart, of Baltimore, Md., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. [1] The bill alleges infringement of patent No. 1,307,708 and asks for injunction and accounting. The claim of the patent is:

"A check book comprising a back, a pad of sheets *mounted on the back,* each sheet perforated to form a stub and a check, said stubs *secured together*

*and to the back* along their upper edges, a cover, and a flexible web secured to the respective ends of the back and the cover to form a hinge whereby the cover may be folded over upon the pad and may be swung free of the stubs to allow the stubs to be folded upwardly for easy inspection of the stubs."

The District Court dismissed the bill, finding anticipation by the Loewenbach patent, No. 519,769, May 15, 1894, and lack of any inventive improvement. The advantage claimed for the plaintiff's book is a flexible back or end with the stubs only attached thereto, so that when the checks are detached the stubs can be folded under the book out of the way of the writer, and the cover can be thrown back out of the way, thus facilitating examination of the stubs.

Evidently attaching the stubs to the end or the top of the book was a matter of choice, and either method could be used and was used under the patent. The exhibits introduced at the trial and the illustrative check books used in argument here show plainly that the Loewenbach patent contained everything that was embraced in plaintiff's claim and plaintiff's book. It is true that Loewenbach's patent embraced more, namely, a blotter and a pocket by means of which the stubs could be removed and a new set inserted, thus preserving for use the covers of the book. But there was no invention in the thought that the check book would be preferable without the blotter and the pocket.

[2] Much stress is laid on the fact that the Loewenbach book does not appear to have been a commercial success, while that of the plaintiff has been largely adopted, and books to the amount of about $270,-000 were sold in one year under licenses from plaintiff. Commercial success is persuasive in doubtful cases, and the more doubtful the case in other respects the more persuasive it becomes. McLean v. Clapp, 141 U. S. 429, 12 Sup. Ct. 29, 35 L. Ed. 804; Huebner-Toledo Breweries Co. v. Mathews Co., 253 Fed. 435, 447, 165 C. C. A. 177; Meinecke & Co. v. Lisk Mfg. Co. (D. C.) 274 Fed. 747. But success may be due to advertisement or other causes. It is not always possible to find the reason why a thing may at one time receive no attention and at another be quickly and generally adopted in the trade or art. Especially in minor patents those engaged in the trade or art often prefer to pay the license fee rather than go to the expense and trouble of contesting a doubtful patent.

[3] The presumption of validity from the issuance of the patent ought generally to have great weight, but in this case it is greatly weakened by the fact that the file wrapper does not contain any reference to the Loewenbach patent. This fact indicates that the Loewenbach patent was overlooked by the Patent Office. American Soda Fountain Co. v. Sample, 130 Fed. 145, 149, 64 C. C. A. 497; Westinghouse Electric Mfg. Co. v. Toledo Co., 172 Fed. 371, 392, 97 C. C. A. 69; Elliott & Co. v. Youngstown Car Mfg. Co., 181 Fed. 345, 104 C. C. A. 175.

Affirmed.