## TRANE CO. v. NASH ENGINEERING CO.

Circuit Court of Appeals, First Circuit.
July 18, 1928.

No. 2181.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

On petition for rehearing. Denied.
For former opinion, see 25 F.(2d) 267.
See, also, 20 F.(2d) 439; 22 F.(2d) 868.

Fred L. Chappell, of Kalamazoo, Mich., Samuel D. Elmore, of Boston, Mass., and Arthur T. Holmes, of La Crosse, Wis., for appellant.

Louis W. Southgate and Charles T. Hawley, both of Worcester, Mass., for appellee.

Before BINGHAM, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM. The gist of the defendant's elaborate petition for rehearing is that on this record prior use and sale are, as a matter of law, made out. This contention cannot be sustained. Of the three sales urged, we fully concur with what the court below found and ruled concerning the Chicago Pump transaction and the S. D. Warren Paper Mill transaction. The third alleged prior sale, the William Penn Hotel transaction, was nothing but an executory contract made in May, 1915, for the Jennings apparatus, not completed and delivered so as to constitute an actual sale until September, 1915. Taking the facts in this transaction, although open to·a somewhat different construction, exactly as defendant's learned counsel state them, the case is ruled by McCreery Engineering Co. v. Massachusetts Fan Co. (C. C. A.) 195 F. 498, in which the same learned counsel made an exactly reverse contention, which was sustained by this court in an able opinion by Judge Brown, concurred in by

Judges Putnam and Aldrich. We have no disposition to overrule that case.

Petition denied.