## ANCHOR CAP & CLOSURE CORPORA-
## TION v. LINHARDT et al.
### No. 9161.

Circuit Court of Appeals, Eighth Circuit.

Feb. 9, 1932.

Delos G. Haynes, of St. Louis, Mo. (Norman N. Holland, of New York City, on the brief), for appellant.

Fred Gerlach, of Chicago, Ill. (John H. Bruninga, of St. Louis, Mo., on the brief), for appellees.

Before VAN VALKENBURGH, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

This is a patent suit brought by the Anchor Cap & Closure Corporation against Linhardt and others for infringement of two patents: No. 1,231,099, issued to H. E. Townsend June 26, 1917, application filed May 16, 1916, for a closure for receptacles, having particular reference to metallic slip closures as applied to glass containers; and No. 1,-381,363, issued to T. L. Taliaferro June 14, 1921, application filed November 19, 1918, for a cover for jars. These two patents, by assignments, have become the property of the plaintiff.

The defendants deny any infringement, and set up as affirmative defenses invalidity of the patents by reason of anticipation, and for lack of patentable novelty in view of the prior art.

There are two claims in the Townsend patent, both of which are in suit; and six claims in the Taliaferro patent, five of which are in suit, namely, 1, 2, 3, 4, and 6.

At the first hearing, the trial court in its opinion held claim 1 of the Townsend patent invalid, and claim 2 valid and infringed. It also held claims 1, 2, 3, 4, and 6 of the Taliaferro patent valid and infringed.

On rehearing, the court in its opinion held that there was no infringement by the defendants of either of the patents; but whether the patents or any of the claims were valid or invalid was not definitely decided. By the decree the bill was dismissed for lack of infringement.

Claim 1 of the Townsend patent reads as follows: "1. As an article of manufacture, a closure cap for containers of glass and the like, comprising a cover portion adapted to cover and protect the end of a suitable glass jar, a substantially uniform continuous skirt of resilient material depending from the cover portion and at substantially right angles thereto, the skirt being provided with a continuous annular groove having the concave portion of the groove on the exterior of the skirt and forming a continuous annular bead on the interior of the skirt, said groove being formed on such radius as to enable the bead to stretch and slightly flatten, thereby forming a sealing zone when the cap is forced over the substantially straight smooth side wall of a substantially incompressible container to permit the forces tending to restore the bead to normal shape to cause the bead to form a tight friction seal with said side wall of the container."

The elements of the claim are a closure cap comprising:

(A) A cover portion.

(B) A continuous skirt:

(1) Depending from the cover portion;

(2) Having a continuous annular groove: (a) The groove having its concave portion on the exterior, (b) and forming an annular bead on the interior, (c) the groove being formed on such radius as to enable the bead to stretch and flatten and thereby form a sealing zone.

The second claim covers the package made up of the cap covered by the first claim and the glass jar or container upon which the cap fits.

An examination of the prior art, as shown in the record, discloses that metal caps with

depending skirts having annular grooves forming beads were old. They are found in Adlam, No. 708,191, Hicks, No. 899,732, Weissenthanner, No. 801,280, Hull, No. 1,-134,068, and Taliaferro, No. 1,109,484. It is true that none of the devices disclosed by these patents is exactly the same as the device disclosed in claim 1 of the Townsend patent; but the devices shown in the prior patents, while perhaps not anticipations, must yet be considered as part of the prior art, and they each disclose a cap suitable for being fitted to a container and capable of making closure by the friction of a continuous annular groove in the skirt of the cap pressing against the side of the container. There was considerable variation in the radius of the different annular grooves. In view of these prior devices, we do not think the slight changes made by Townsend amounted to invention.

It is claimed that the radius of the annular groove in the Townsend patent differentiates it from the caps of the prior art, but there is no exact description in the Townsend patent of the radius of this annular groove; it is simply stated as being "on such radius as to enable the bead to stretch and slightly flatten, thereby forming a sealing zone." This, in our opinion, is too indefinite. It would require experiment in order to determine what particular radius would be efficient. If for no other reason, we think claim 1 of the Townsend patent should be held invalid by reason of indefiniteness. This view is sustained by abundant authority.

In a very recent case, Permutit Company v. Graver Corporation, 284 U. S. 52, it was said at page 60, 52 S. Ct. 53, 55, 76 L. Ed. —: "The statute [R. S. § 4888 (35 USCA § 33)] requires the patentee not only to explain the principle of his apparatus and to describe it in such terms that any person skilled in the art to which it appertains may construct and use it after the expiration of the patent, but also to inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not."

See, also, 48 C. J., p. 125, § 152; Preston v. Manard, 116 U. S. 661, 6 S. Ct. 695, 29 L. Ed. 763; Howard v. Detroit Stove Works, 150 U. S. 164, 167, 14 S. Ct. 68, 37 L. Ed. 1039; The Incandescent Lamp Patent, 159 U. S. 465, 474, 16 S. Ct. 75, 40 L. Ed. 221; Steward v. American Lava Co., 215 U. S. 161, 166, 30 S. Ct. 46, 54 L. Ed. 139; Bullock, etc.,

Co. v. General Elec. Co. (C. C. A.) 149 F. 409, 417; Featheredge Rubber Co. v. Miller R. Co. (C. C. A.) 259 F. 565; R. H. Comey Co. v. Monte Christi Corp. (C. C. A.) 17 F. (2d) 910; Reflectolyte Co. v. Luminous Unit Co., 20 F.(2d) 607 (C. C. A. 8); De Lore v. St. Louis Lith. Co., 26 F.(2d) 864 (C. C. A. 8); United Drug Co. v. Ireland Candy Co. (D. C.) 38 F.(2d) 505.

The second claim of the Townsend patent is a combination of a container having a smooth cylindrical side wall, and the cap covered by the first claim. If the first claim is held to be invalid, we see nothing in the combination of the second claim which would require it to be held valid. The annularly grooved caps of the prior art were interchangeably usable on containers having straight, flared, or tapered side walls. All these kinds of containers were old in the prior art. To place in combination with any such container a cap which showed no invention would not, in our opinion, make the second claim patentable. We cannot agree with the contention of plaintiff that every cap was useless without a particular type of container. We think such contention is not borne out by the record.

Considerable stress is laid by counsel for plaintiff on the fact that the cap in the Townsend patent may be loosened by tapping with an instrument, such as a knife or spoon, along the edge of the annular groove. We fail to see the force of this fact as bearing upon the question of invention. It probably is true that the cap would be loosened in the manner described, but so, also, would the caps of Adlam, Hicks, and others of the prior art, when used on a container having a straight side; and so, also, a screw cap may be loosened by tapping; and, furthermore, a glass stopper of a bottle may be loosened oftentimes by tapping. This loosening by tapping is not subject to invention; it is purely an attribute of the articles which are held together by friction. The loosening is caused by distorting the shape of the annular groove, or by slightly rearranging the particles in one of the elements involved.

Stress is laid by plaintiff upon the fact that many of the devices disclosed by the prior art patents employ sealing material, gaskets, and tongues for use in removing the cap; and upon the further fact that Townsend does not employ these. But the omission of an element attended by a corresponding omission of its function, without changing the operation of the remaining elements, does not involve invention.

In Richards v. Chase Elevator Company, 159 U. S. 477, the court said at page 486, 16 S. Ct. 53, 54, 40 L. Ed. 225: "While the omission of an element in a combination may constitute invention if the result of the new combination be the same as before, yet, if the omission of an element is attended by a corresponding omission of the function performed by that element, there is no invention if the elements retained performed the same function as before."

See, also, 48 C. J. 76, § 79; Stow v. Chicago, 23 Fed. Cas. p. 195, No. 13,512; In re Trester (Cust. & Pat. App.) 36 F.(2d) 133.

Our conclusion is that the Townsend patent is invalid for want of patentable novelty and for indefiniteness.

The second patent of plaintiff, Taliaferro, No. 1,381,363, is also for a cover or cap to a glass jar or receptacle, and this cap differs from the cap of the Townsend patent principally in this: That the annular groove which presses against the side of the container is not a continuous groove but is a groove interrupted by narrow portions of the flange projecting outwardly.

Claim 6 of the Taliaferro patent may be taken as typical, and reads as follows: "6. A metal jar [cap] comprising a top section and a depending flange, said flange having inset portions at a distance above the lower edge of the flange comprising relatively long arcuate gripping surfaces spaced by relatively narrow flange walls whereby to provide a gripping contact throughout the greater portion of the circular extent of the jar wall, said inset portions being spaced sufficiently to permit the metal in each portion to bend or reshape itself independently of the other portions so that the gripping surface of the cover may conform to the irregularities in the surface or contour of the jar."

It is to be noted that the inset parts of the flange which are the gripping surfaces occupy the greater part of the circular extent of the flange. With this limitation, there may be as many or as few of the inset portions as may be found desirable.

An examination of the prior art shows, in our opinion, that this patent also is invalid for want of patentable novelty. The patents to Sorgan, No. 1,229,341, Ramsey, No. 1,327,963, and Honiss, No. 649,845, we think plainly disclose devices similar to the one described in the Taliaferro patent. It is true that in the Sorgan and Ramsey patents the inset portions of the flange are much more numerous than in the Taliaferro patent; but this, it seems to us, is not vital. It is noticeable that the Taliaferro patent specifies no definite number of insets. A person skilled in the art, with the Sorgan and Ramsey patents before him, would, if it were desirable, naturally decrease the number of inset portions. Such a change could hardly be called invention. The operation of the insets in the Sorgan and Ramsey patents and in the Taliaferro patent is practically identical. The results are also substantially the same.

Our conclusion on this branch of the case is that the Taliaferro patent, No. 1,381,363, is invalid for want of patentable novelty.

In view of the foregoing, it is unnecessary to discuss the question of infringement.

Our conclusion on the whole case is that the decree dismissing the bill was right, and it is affirmed.