**MARYLAND BAKING CO., Inc., v. OVERLAND CANDY CORPORATION et al.**

**No. 5987.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1937.

Albert E. Dieterich, of Washington, D. C., and Henry S. Rademacher, of Chicago, Ill. (Howe, Rademacher & Kreamer, of Chicago, Ill., of counsel), for appellant.

Robert H. Wendt, of Chicago, Ill. (Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., of counsel), for appellees.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

■ From a decree of the District Court holding patent No. 1,835,719 to Parr, assigned to appellant, invalid and dismissing the bill for want of equity, this appeal is taken. The patent has to do with a specific form of edible ice cream cone. The prior art upon which appellees rely includes Westling, No. 913,597; Menches, No. 924,484; Tatosian, No. 1,440,851; Winder, No. 56,488; Flagstad, No. 1,200,600 all having to do with cones rolled from discs, such as waffles, and Carpenter, No. 1,607,664, and Moore, No. 1,652,789 having to do with molded cones. The patent has to do with the latter, and appellees' product is molded.

In view of the prior art appellant claims only the specific construction included within his specifications and claims. Claim (5) is typical:

"An ice cream cone circular in cross section having on the inner wall thereof a plurality of substantially vertical ribs, said ribs being of such shape in cross section as to indent a helping of ice cream pressed into the cone so that the helping of ice cream will be prevented from rotating in the cone."

Briefly stated, everything appellant claimed appeared in the prior art, except the vertical lugs or ribs located inside the cone to engage and hold the ice cream.

■ By stipulation of the parties, the court took judicial notice of the long recognized use of ribs for strengthening and to prevent slipping. They are found not only in the work of man but also in the processes of nature. Winder, No. 56,488, had ribs in his cones which made a pocket to hold the cream. Tarbell issued circulars in 1910 showing clearly vertical ribs of the character used by both appellees and appellant.

It is said, however, that the disclosure by Tarbell does not teach the function of

Parr and that Winder fails in the same respect. It is also asserted that the cone Tarbell pictured was improperly drawn and that his company did not in fact utilize clearly defined vertical ribs but rather waves and undulations. Though this be a fact, so far as disclosure is concerned, it is not material. The actual construction of Tarbell's pictured cone is not important. The pertinent disclosure is the drawing of his published circulars. We agree with the trial court that to any one who saw it, the picture indicated clearly defined vertical ribs.

In this state of the art, the District Court found that appellant was anticipated and that Parr did not achieve invention. We agree. The cone, its shape, form and character were old, and, even though the ribs shown in the prior art were not in express language said to perform the function claimed by Parr, clear it is, that one making ice cream cones, familiar with the disclosures, knowing the efficiency of "non-skid" ribs, would realize that cones thus provided would possess the quality and function desirable in such products, namely, a strengthening force coupled with the tendency of the ribs to retain the ice cream in the cone while it is eaten. In other words, one skilled in the art, exercising the mechanical skill of one confronted with the existing problem and solving same by utilizing ribs, would exercise, not inventive art, but merely mechanical skill. The words of the court in Preston v. Manard, 116 U.S. 661, 6 S.Ct. 695, 697, 29 L.Ed. 763, are pertinent:

"In any view of the case, the specification describes nothing that the patentee is entitled to claim, but only what every one has a right to use without his assistance."

In the case of Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U.S. 285, 290, 37 S.Ct. 502, 505, 61 L.Ed. 1136, 1147, referring to former decisions, the court stated:

"It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct than to stimulate invention. It creates a class of speculative schemers who make it their business to watch the advancing wave of improvement, and gather its foam in the form of patented monopolies, which enable them to lay a heavy tax upon the industry of the country, without contributing anything to the real advancement of the arts. It embarrasses the honest pursuit of business with fears and apprehensions of concealed liens and unknown liabilities to lawsuits and vexatious accountings for profits made in good faith."

We believe that only mechanical skill was involved and that the District Court rightfully rejected the claim of invention. The decree is affirmed.