## MAIBOHM v. RCA VICTOR CO.
### No. 4140.

Circuit Court of Appeals, Fourth Circuit.
April 6, 1937.

318

Clarence B. Des Jardins, of Washington, D. C. (Halbert P. Brown, of Washington, D. C., on the brief), for appellant.

George L. Wilkinson, of Chicago, Ill. (John W. Michael, of Milwaukee, Wis., Howard W. Hodgkins, of Chicago, Ill., and Edwin F. Samuels and Thomas W. Y. Clark, both of Baltimore, Md., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought by Harry C. Maibohm, the appellant, and Henry G. Bartsch, as joint plaintiffs, in the District Court of the United States for the District of Maryland, in February, 1935, against the RCA Victor Company, a Maryland Corporation, the appellee, here referred to as the defendant. The object of the suit was to recover damages for the infringement of Maibohm patent No. 1,930,-980 issued by the Patent Office of the United States on October 17, 1933, and to enjoin the defendant from further infringement.

In their bill of complaint the appellant and his joint plaintiff alleged that the patent in suit, which was for a combined electric switch and variable resistance device, used in radio construction, was jointly owned by the plaintiffs and charged that the defendant was guilty of the infringement of said patent. The defendant in its answer alleged the invalidity of the patent for four reasons:

First. Because of the publication of the patent device more than two years prior to the filing of the application for the patent.

Second. Because the patent device was in public use and on sale more than two years prior to the filing of the application for the patent.

Third and Fourth. Because the patent disclosed no new invention, but merely the exercise of mechanical skill in view of prior art and that the claims of the patent in issue were anticipated by prior patents.

By stipulation the issue was reduced to the question of validity of the patent, and the defendant did not deny that the accused device infringed the claims of the patent in suit.

Depositions were taken, a hearing was held at which witnesses were examined in person and on February 26, 1936, an oral opinion was delivered by the trial judge, holding in favor of the defendant's contention as to prior publication. On the sixth day of March, 1936, a final decree was entered dismissing the bill of complaint for

want of equity. From that decree, this appeal is prosecuted.

On April 29, 1936, a stipulation was filed to the effect that the plaintiff, Bartsch, had assigned his interest in the patent to the other plaintiff, Maibohm, and an order was entered substituting Maibohm, here referred to as the plaintiff, as the sole party plaintiff in the cause.

In his opinion the judge below passed only on the first defense, holding that the fact of publication of the patent device more than two years prior to the application for the patent, was clearly and conclusively established by proof, but went on to say with regard to the second defense:

"Conceding that the burden is upon the defendant to establish such prior use and sale beyond a reasonble doubt, this we believe has in fact been done by the testimony of the plaintiff Harry C. Maibohm himself, even if the great mass of evidence contained in the depositions be totally cast aside and not considered."

Because of his conclusions as to the first and second defenses the judge did not consider the third and fourth defenses in his opinion.

The sole question presented on this appeal is the validity of the Maibohm patent.

In his opinion the trial judge succinctly described the patent and claims of the plaintiffs as follows:

"Briefly stated, the patent is for the combination of a standard form of variable resistance or rheostat used as a volume control in radio receiving sets, with a known form of snap switch, for making and breaking the power circuit of such sets. That is to say, both the variable resistor and the snap switch are admittedly old in the art, but it is the combination of the two for which invention is claimed.

"When the radio art was in its early stages, batteries were used to operate radio receivers, and the slow make and break switches, well known in the art, were adequate; but when inventions in radio tubes made possible the use of high-voltage house alternating electric current for operating radio receiving sets, this high voltage rendered the slow make and break switches inadequate, because the resulting spark not only corroded the switches, but created a fire hazard.

"While there are eight claims in the patent, plaintiffs rely upon only four of these claims, namely, Nos. 5, 6, 7, and 8, and adopt No. 6, which is as follows, as being the more typical, and as adequately embracing the entire invention:

" 'A mono-control variable electrical resistor and switch unit comprising: an electrical resistance element, a frame including means for mounting the unit and for supporting said resistance element, a rotatable shaft journaled in said frame, an arm associated with said resistance element and rotatable by said shaft to adjustably vary the electrical resistance of said unit, an instantaneously acting snap switch carried by said frame and having an actuating arm eccentrically disposed with respect to the axis of said shaft and terminating in an open fork, and a trip finger carried by said shaft and freely engageable and disengageable with said fork by rotation of said shaft to nonrestrainingly trip said switch to open-circuit or closed-circuit positions irrespective of the rate at which said shaft be rotated.'

"Summarizing this claim, we find that the snap switch is mounted on the frame of the variable resistor, and the shaft of the latter, by which the resistance is adjusted by the operator through the means of an outside controller knob, has attached thereto an arm carrying a pin or trip finger, and the operating arm or tumbler of the snap switch has a fork in it. The parts are so arranged that when the radio receiver is to be used, the first movement of the controller knob snaps on the switch, and further movement of the knob cuts out resistance so as to increase the volume. Reversely, when the receiver set is in use and it is desired to discontinue its use, movement of the controller knob cuts in the resistance and snaps the switch to 'off' position."

Maibohm filed his application for the patent in suit on October 30, 1929. The prior publication which, the defendant claimed invalidated the patent, appeared in the August, 1927, issue of "Radio News" a New York radio journal. This article, the material for which was furnished the journal by the Simplex Radio Company, of which company the plaintiff, Maibohm, was president, purported to describe in detail the receiver including the invention and was illustrated by cuts and diagram. The judge below found that from the information given in this article any one skilled in the art could, without further instructions, make the device or in the language of the

Supreme Court in Seymour v. Osborne, 11 Wall. 516, 555, 20 L.Ed. 33, "make, construct, and practice the invention to the same practical extent as they would be enabled to do if the information was derived from a prior patent."

■ It is an established rule that in order for a prior publication, within the meaning of section 4886, Rev.Stat. (35 U. S.C.A. § 31), to invalidate a patent it must describe the invention so that any person skilled in the art can practice it without further instruction. O. K. Jelks & Son v. Tom Huston Peanut Company (C.C.A.) 52 F.(2d) 4.

That such a publication, as full and complete as this one was, constitutes a prior publication that, if made more than two years prior to the application for the patent, would invalidate the patent under which the plaintiff claims, seems clear. Walker on Patents (5th Ed.) p. 70; Robinson on Patents, vol. 1, p. 446; Seymour v. Osborne, supra; Eames v. Andrews, 122 U.S. 40, 7 S.Ct. 1073, 30 L.Ed. 1064; Downton v. Yeager Milling Company, 108 U.S. 466, 3 S.Ct. 10, 27 L.Ed. 789. See, also, Young Radiator Co. v. Modine Mfg. Co. (C.C.A.) 55 F.(2d) 545; Fleischman Yeast Co. v. Federal Yeast Corporation (D.C.) 8 F.(2d) 186; Atlantic Giant-Powder Company v. Parker, Fed.Cas. No. 625, 16 Blatchf. 281; Western Electric Company v. Millheim Electric Tel. Company (C.C.) 88 F. 505, affirmed (C.C.A.) 95 F. 152; Westinghouse Electric & Mfg. Company v. Saranac Lake Electric Light Company (C.C.) 108 F. 221; American Graphophone Company v. Leeds & Catlin Company (C.C.A.) 170 F. 327; General Electric Company v. Continental Fibre Company (C.C.A.) 256 F. 660; Hanifen v. E. H. Godshalk Company (C.C.A.) 84 F. 649; Badische Anilin & Soda Fabrik v. Kalle & Company (C.C.A.) 104 F. 802; Loew Filter Company v. German-American Filter Company (C.C.A.) 164 F. 855.

■ It is significant that, while the July, 1927, issue of "Radio News" was shown to have been referred to by the Examiner in the Patent Office, in an oral conference, the August, 1927, issue of that publication, containing the article above discussed, was not cited by the Patent Office. As was said by the judge below:

"This certainly helps to rebut the presumption of validity of the patent, with which we start, by reason of its having been issued by the Patent Office."

Giving to the finding of the trial judge, who heard the witnesses, that weight to which it is entitled, we agree with his conclusion that the patent was invalid because of prior publication.

■ As to the second point raised, that the patent device was in public use more than two years prior to the filing of the application for the patent, we again find ourselves in accord with the finding of the judge below that prior use and sale were proven beyond a reasonable doubt not only by the evidence of the plaintiff himself, as concluded by the trial judge, but from other evidence found in the record. The Hart & Hegeman Manufacturing Company had manufactured for and sold to the Simplex Radio Company, of which Maibohm was president, switches used in the manufacture of the device embodying the alleged invention of the patent in suit and had also sold the patented device to the Zenith Radio Company. These sales of the device were made, by the Hart & Hegeman Company, with the knowledge of the plaintiff and with his tacit consent. This is conclusively proven by the fact that in November, 1933, the plaintiff wrote to that company in part as follows:

"* * *. If you will refer to our files you will note we negotiated with you for this type of switch back in 1927 and at our instigation you manufactured it for several of your customers. * * *"

These sales by Hart & Hegeman undoubtedly constituted a public use.

■ Moreover, it is shown that both the Simplex and Zenith companies used the device in manufacturing radios prior to the two-year period before the application for the patent and the inference is inescapable that some of these radios so manufactured were sold within that period. In March, 1927, the plaintiff's company wrote that its production was then being held up because it needed the device in suit. In April, 1927, the Simplex Radio Company, by its president Maibohm, wrote Hart & Hegeman as follows:

"Answering yours of the 22nd, the switch looks O. K. to us and it works out very fine.

"We shall recommend its use to Carter for our equipment and we suggest that you rush them a sample."

■ While it is true that to establish public use or sale the evidence must be convincing beyond a reasonable doubt

(Barbed Wire Patent, 143 U.S. 275, 12 S. Ct. 443, 450, 36 L.Ed. 154; Deering v. Winona Harvester Works, 155 U.S. 286, 15 S.Ct. 118, 39 L.Ed. 153), it has been held that a single sale of an article more than two years prior to the application for the patent is all that is required by the statute. Smith & Griggs Mfg. Co. v. Sprague, 123 U.S. 249, 8 S.Ct. 122, 31 L.Ed. 141; National Cash Register Company v. American Cash Register Company (C.C.A.) 178 F. 79; Robinson on Patents, vol. 1, p. 513, § 359; Toch v. Zibell Damp Resisting Paint Co. (C.C.A.) 231 F. 711.

A number of decisions are to the effect that the statute does not require a completed sale but that placing on sale is sufficient. Wende v. Horine (C.C.A.) 225 F. 501; Ingersoll v. Bethlehem Steel Company (D.C.) 8 F.Supp. 658; Covert v. Covert (C.C.) 106 F. 183. See: William B. Mershon & Co. v. Bay City Box & Lumber Company (C.C.) 189 F. 741; Anderson v. Monroe (C.C.) 55 F. 407; Walker on Patents, 6th Ed., vol. 1, p. 168; McCreery Engineering Co. v. Massachusetts Fan Co. (C.C.A.) 195 F. 498; Trane Co. v. Nash Engineering Co. (C.C.A.) 27 F.(2d) 334; Burke Electric Co. v. Independent Pneumatic Tool Company (C.C.A.) 234 F. 93.

The evidence conclusively proves that there were sales and public use two years prior to the application for the patent, and we are of the opinion that on the second point raised by the defense the patent is invalid.

As to the third and fourth points of defense, not considered by the judge below because of his conclusion as to prior publication and public use and sale, we are of the opinion, notwithstanding the weight to be given to the fact that the patent was issued by the Patent Office, that the device was not patentable. It was a combination patent which, from the record in the case, appears to us to have been the result of mechanical skill and did not arise to the dignity of an invention. This court has spoken frequently on this point. Wine Ry. Appliance Co. v. Baltimore & Ohio R. R. Co. (C.C.A.) 78 F.(2d) 312; Victor Cooler Door Co. v. Jamison Cold Storage Door Co. (C.C.A.) 44 F.(2d) 288; Doughnut Machine Corporation v. Joe-Lowe Corporation (C.C.A.) 67 F.(2d) 135, and Remington Rand Business Service v. Acme Card System Company (C.C.A.) 71 F.(2d) 628, 635.

In addition to this, it also seems clear that two of the patents cited by the defendant, while patents not relating particularly to the manufacture of radios but patents at large, anticipated the patent in suit. One of these patents is No. 12,530 reissued September 11, 1906, to H. W. Leonard which was for electrical circuit controllers and rheostats and shows a similar mechanical combination as the patent in suit. The other, Rae patent No. 454,626, was for a combined spring-actuated break switch and electrical resistor. Any one skilled in the art could have adapted these general patents to use in the manufacture of radios. On this point Judge Soper, of this court, said in Remington Rand Business Service v. Acme Card System Company, supra: "It is not necessary, however, for the purpose in view, that the Anchell patent be considered a complete anticipation to the patent in suit. It is sufficient that it suggests to one interested in the problem the means of solving it."

These two patents were not cited in the prosecution of the application for the patent in suit and, while it is true that a patent is prima facie valid, yet when defenses relied upon were not known to or considered by the Patent Office, the presumption of the validity is greatly weakened. International Flatstub Check Book Co. v. Young & Selden Company (C.C.A.) 284 F. 831.

A study of the record leads us to the conclusion that the plaintiff did not consider the device as being valuable as a patent in the first place. The company of which he was president sent a full description of it to a trade journal, the plaintiff must have been cognizant of this and evidently hoped to gain an advantage by its publication as a news article thereby increasing the sales of the article manufactured using the device. The plaintiff encouraged the manufacture of this device by Hart & Hegeman and its sale to the trade. He then waited for a period of more than two years before he made application for his patent, and, when the first application was rejected, he again waited before reviving it by presenting the only claims of the patent that are here at issue. It was four years after the original application was filed that the patent was issued.

The facts disclosed by the record lead to the inevitable conclusion that the plaintiff did not regard the device as patentable until it had gone into extensive use and the final application for the patent that was

322

granted was made in an effort to control the device.

For the reasons stated above the decree of the court below is accordingly affirmed.

Affirmed.