**B. F. STURTEVANT CO. v. MASSACHU-SETTS HAIR & FELT CO.**

**MASSACHUSETTS HAIR & FELT CO. v. B. F. STURTEVANT CO.**

Nos. 3644, 3645.

Circuit Court of Appeals, First Circuit.
Nov. 21, 1941.

As Amended Dec. 15, 1941.

Harry Dexter Peck, of Providence, R. I., and Melvin R. Jenney, of Boston, Mass., for B. F. Sturtevant Co.

Ralph L. Chappell, of Kalamazoo, Mich., Robert J. Keating and Roberts, Cushman & Woodberry, all of Boston, Mass., and Earl & Chappell, of Kalamazoo, Mich., for Mass. Hair & Felt Co.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

On petition for rehearing the defendant contends that we fell into plain error in eight respects. In its brief in support of this motion it states its first contention as follows: "Claim 2 of the first Hagen patent is invalid because although Hagen's invention resided mainly in the design and arrangement of the vanes, he nevertheless claimed the old combination of a constant speed motor, a fan and vanes for controlling fan output." In support of this proposition the defendant cites the cases of Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251 and Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008.

We do not believe these cases to be in point. Under consideration in both of them were patents for an apparatus for lubricating metal bearings, particularly those used in automobiles, by the use of a nipple or fitting connected with the bearing, a gun consisting of a compression chamber or pump for propelling a lubricant under high pressure through a hose attached to the pump and the fitting, and a means for connecting the hose with the fitting in such a way as to make a joint which would be tight during the operation of greasing, and would not leak thereafter.

In the Bassick case [298 U.S. 415, 56 S. Ct. 791, 80 L.Ed. 1251], the court said that it was plain that the patentee had invented "improvements of two of the mechanical elements of an old combination consisting of grease pump, hose, hose-coupler, and a grease cup or pin fitting. First, he contrived an improved pin fitting. This he patented as such. * * * Secondly, he invented an improved form of coupler to be attached to the end of the hose leading from the pump to the fitting. Instead of patenting this, as he did the pin fitting, he claimed a combination of pump, hose-coupler, and pin fitting, and embodied in the combination his improved form of coupler. * * * He further claimed the combination between his patented pin fitting and any form of grease gun whether that claimed in his patent or unpatented and old in the art." The court states the question to be "whether, by this method, the patentee, by improving one element of an old combination whose construction and operation is otherwise unchanged, may, in effect, repatent the old combination by reclaiming it with the improved element substituted for the old element." This question the court answered in the negative.

The Lincoln Engineering Company case is very similar and the court reached a similar result.

The reason we do not consider these cases to be in point is that Hagen, unlike the patentees in the Lincoln and Bassick cases, made no attempt to cover in his patent, which is a combination one, all of the separate parts of the combination including those which were unpatented and old in the art. That is, he did not attempt by his patent to prevent others from using any form of vane controlled centrifugal fan, but attempted only to prevent others from using such a fan, with inlet vanes substantially similar to his. As pointed out in the original opinion, the question thus presented is whether or not the new element which he added to the old combination, i. e. the new form and arrangement of the vanes, caused the combination to produce a new and useful result which was not merely the "aggregate of several results each the complete product of one of the combined elements". [122 F.2d 900, 912.] In our original opinion we answered this question in the affirmative with respect to the second patent. The same reasoning applies with at least equal force to the first one and compels a similar answer with respect to it.

The defendant next contends that we fell into error in holding that this second claim of Hagen's first patent embodied a patentable invention. It takes the position that Eickhoff showed vanes capable of radically increasing the spin of the entering air and that Brown-Boveri showed curved ones and that it was only the work of an artisan, not that of an inventor, to combine these features, and that this is all that Hagen did. While it is true that Eickhoff showed vanes capable of producing a radical increase of spin, and Brown-Boveri showed curved vanes, it is also true that the latter did not show vanes which continuously approached parallelism as closure was approached. With respect to this feature the master found: "In Brown-Boveri, the drawings make no clear disclosure of such form and arrangement, and the specification contains no teaching with reference to it." Hagen, therefore, did more than merely to combine Eickhoff and Brown-Boveri. To them he added a new feature of his own, that is, vanes so curved that as they approached closure they approached parallelism, and hence upon approach to closure defined air passages of substantially uniform cross-section. This produced a new result, that is, predictable control over a wide range with a minimum of throttling as closure was approached, and therein, as pointed out in the opinion originally filed in this case, lay invention.

We now turn to the defendant's contentions with respect to Hagen's second patent.

It argues that this patent does not embody a patentable advance over the first one and that we fell into error because we "overlooked the fact that plaintiff's witnesses established the fact that the plaintiff sold the structure of Hagen's first patent more than two and one-half years before the filing of the application for the second patent." That is to say, it takes the position that the second patent is invalid since it does not embody a patentable advance over the first one and since the apparatus described in the first patent was sold on March 1, 1927, more than two and one-half years before the second one was applied for.

The evidence is that "in the spring or early winter of 1927" Hagen and another high official of the Sturtevant Company explained their device for an induced draft fan, such as later that year was described in the application for the first patent, to the consulting engineer of a prospective customer, and that the latter, on March 1, 1927, listed such a fan as "purchased" by it. But it also appears in the record that such fans were not kept in stock by the Sturtevant

Company being "always a tailor-made job." It does not appear when the fan so "purchased" was manufactured or delivered, or when it went into use. The only finding of the master is that the fan under consideration "was installed with satisfaction" "in 1927."

The foregoing evidence and finding is insufficient to sustain the defendant's burden of proving that Hagen's fan was in "public use or on sale" more than two years before October 31, 1929. In this circuit the question of what constitutes a putting "on sale" is not one for the " 'witty diversities' of the law of sales." It is here held "that proof of a mere contract to construct from plans and to deliver in future a machine or manufacture not proven to have been previously completed, falls short of proof that the machine or invention was 'on sale' ". In further development the court in the case quoted from above said: "The putting 'on sale' intended by the statute is more or less analogous to a public use, and has regard to actual and completed transactions, and not to agreements which contemplate both a future production and a future transfer of title." And again "under the defense that the machine was 'on sale,' the burden rests upon the defendant to show that the machine existed as a complete article of sale, not on paper, but in fact. In the absence of such proof, the case is not brought within the statute * * *." McCreery Engineering Co. v. Massachusetts Fan Co., 1 Cir., 195 F. 498, 501. To the same effect see Burke Electric Co. v. Independent Pneumatic Tool Co., 2 Cir., 234 F. 93; and also 1 Walker on Patents Deller's Edition, § 85, in which it is said, citing the above cases and others, ."where a specimen of an invention is built or made to order, it is not 'on sale' till it is completed, delivered, and accepted."

The critical date, then, is not the date when the first Hagen fan was ordered but the date when the order for it was filled, and there is no evidence as to when that event occurred. Since it may have occurred within two years of the date of Hagen's second application, and since the defendant has not proved otherwise, it has failed to sustain its burden of proof on this defense. Thus it is unnecessary for us to give further consideration to this defense.

The other contentions advanced by the defendant in support of its motion for rehearing we regard as adequately covered in the original opinion.

The petition for rehearing denied.