## TRABON ENGINEERING CORPORATION v. DIRKES et al.

### No. 2530.

District Court, E. D. Michigan, S. D.

Feb. 6, 1942.

760

Ralph S. Binns, of Detroit, Mich., for plaintiff.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

1. Plaintiff, an Ohio corporation, owns re-issue patent No. 21,236. This patent was issued October 17, 1939 and is a re-issue of patent No. 2,027,171, issued January 7, 1936. The application for the original patent was filed January 26, 1934 and the application for the re-issue patent was filed August 20, 1936.

Defendant Dirkes Industries, Incorporated, is a Michigan corporation. Defendant Carl Dirkes is a citizen and resident of Michigan. Plaintiff has charged both defendants with the infringement of Claims 1 to 7, inclusive, and Claim 10 of its patent.

Defendant Carl Dirkes owns patent No. 2,146,424, issued February 7, 1939. The application for this patent was filed July 24, 1937. In a counterclaim filed with the defendants' joint answer the defendant Carl Dirkes charges the plaintiff with infringement of all of the claims of his patent. Each party claims that the opposite party's patent is invalid for want of invention and because of a prior public use. In addition, the defendant claims that the plaintiff's re-issue patent is invalid in so far as the claims are new or are amendments of the claims of the original patent. Because I have concluded that both patents are invalid for other rea-

sons, I have not considered this contention of the defendant.

2. Both patents in suit disclose devices for measuring lubricant and delivering it to bearings. Both devices accomplish this by the use of two or more pistons and cylinders. The lubricant is delivered to the piston under pressure, and by the delivery of this lubricant to opposite ends of the cylinders alternately the pistons are forced to reciprocate. In each case the pistons also function as valves.

3. Both devices adopt a part of a structure disclosed in the French patent to Vincent No. 702,682, delivered January 27, 1931 and the British patent specifications to Vincent No. 394,944, filed September 28, 1931. Both the devices involved in this suit do exactly the same thing as the device disclosed in the Vincent patent, using substantially the same means. The Vincent disclosures contemplate that the lubricant shall first be delivered to a reservoir and then pumped from the reservoir to bearings by other means. It required no exercise of the inventive genius to eliminate this portion of the Vincent devices and to deliver the lubricant directly to the bearings as is contemplated by both of the devices in suit, instead of the reservoir used by Vincent. The combinations disclosed by the two patents in suit operate exactly the same as the Vincent devices, and produce exactly the same result.

4. In the summer of 1931 the manager of the plaintiff's predecessor saw the need for a device similar to the ones disclosed in the patents in suit and directed Mr. Hillis, a hydraulic engineer in his employ, to design such a mechanism. At this time mechanics skilled in the art of hydraulics knew that fluids could be measured by piston displacements in cylinders, and also that pistons could be reciprocated by delivering fluids under pressure to opposite ends of the cylinders alternately. It would not require the exercise of inventive genius to design such a mechanism, even if you did not have the Vincent devices to copy. In the fall of 1930 the defendant Dirkes likewise saw the advantage of this type of mechanism, and he designed his device and reduced it to practice by making an operating working model. The device which he constructed and which corresponded to the devices covered by the claims of both patents in suit was offered to the public and placed on sale on or before January 9, 1932.

This is more than two years prior to the filing date of the application for the Hillis original patent. If it could be said that the combination of old elements disclosed in both of the structures involved in this suit amounted to invention, the defendant Dirkes was the first inventor.

5. The addition of the locking pin included in Claim 10 of the plaintiff's patent, to be used with the two cylinder device, is but a slight advance or improvement, which does not amount to an invention. This expedient would naturally occur to any mechanic skilled in the art.

## Conclusions of Law.

I. The Hillis re-issue patent No. 21,236 is anticipated by the French patent to Vincent No. 702,682, and is therefore invalid.

II. The Hillis patent follows the teachings of the Vincent patent up to the point where the lubricant is discharged from outlets, and eliminates the other parts of the Vincent device together with their functions. This is not patentable invention. Richards v. Chase Elevator Co., 159 U.S. 477, 16 S.Ct. 53, 40 L.Ed. 225; White Dental Manufacturing Co. v. J. A. Fischer Co., 2 Cir., 100 F.2d 389; Lempco Products v. Timken-Detroit Axle Co., 6 Cir., 110 F.2d 307; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. —, decided November 10, 1941; Minnesota Mining & Mfg. Co. v. Coe, 69 App.D.C. 217, 99 F.2d 986.

III. The interlocking pin described in Claim 10 of plaintiff's patent was a well-known mechanical device at the time of the alleged invention and its addition to the structure as originally designed would be obvious to any person skilled in the art. Minnesota Mining & Mfg. Co. v. Coe, supra; Cuno Engineering Co. v. Automatic Devices Corp., supra.

IV. The plaintiff's patent is invalid because Hillis was not the first inventor.

V. Both patents in suit are invalid because defendant Dirkes or the Dirkes Industries, Inc., had the device on sale more than two years prior to the Hillis filing date. Mershon & Co. v. Bay City Box & Lumber Co., C.C., 189 F. 741; Maibohm v. RCA Victor Co., 4 Cir., 89 F.2d 317; W-R Co. v. Sova, 6 Cir., 106 F.2d 478, 479.

A judgment may be entered dismissing both the complaint and the cross-complaint, without costs.