## B. F. STURTEVANT CO. v. CLARAGE FAN CO.

Civil Action No. 121.

District Court, W. D. Michigan, S. D.

April 1, 1943.

Liverance & Van Antwerp, of Grand Rapids, Mich., for plaintiff.

Earl & Chappell, of Kalamazoo, Mich., for defendant.

RAYMOND, District Judge.

Request has been made by plaintiff for an order under Federal Rules of Civil Procedure, rule 56(d), 28 U.S.C.A., following section 723c, specifying facts claimed to appear without substantial controversy upon the record on motion for summary judgment. The request specifies five points, the first three of which defendant does not contest, and an order will accordingly be entered to the effect that the patents involved are the same as those involved in the case of B. F. Sturtevant Co. v. Massachusetts Hair & Felt Co., 1 Cir., 122 F.2d 900, and Id., 1 Cir., 124 F.2d 95; that the defendant in that case openly assumed direction and conducted the defense, and that privity then existed between defendant herein and the nominal defendant in that case; and that the apparatus therein held to be an infringement embodied the vortex control now in evidence in this case as Exhibit 3.

The request for an order to the effect that defendant is estopped to deny the validity of the claims in suit, and that defendant is estopped to deny that Exhibit 3 is an infringement, will be denied. This is for the reason that defendant urges that upon the trial it will appear that plaintiff is seeking an interpretation of the claims of the two patents in suit substantially different from that presented in the above cited case, and that such an interpretation applied to defendant's structures, Exhibits B. and C., would disclose invalidity.

In the case of T. L. Smith Co. et al. v. Cement Tile Machinery Co., 8 Cir., 257 F. 423, 424, Judge Hook said: "* * * If the change from the Foster machine is a substantial departure from a vital element or elements of the patent in suit, or a reversion to the prior art, it cannot be said that plaintiffs' rights are invaded. The sustaining of a patent upon a differentiation from the prior art does not authorize the successful party to gather to himself a monopoly of what was old when he entered the field. * * *"

In the case of American Metal Cap Co. v. Anchor Cap & Closure Corporation, D.C., 278 F. 670, 671, it was said: "Where a patentee had secured a decree from one court sustaining his patent on a particular theory advanced by him, he cannot in another suit, in which the evidence disclosed anticipation on that theory, abandon it, and successfully contend for an inconsistent theory. Kintner et al. v. Atlantic Communication Co. et al., [2 Cir.], 240 F. 716, 153 C.C.A. 514. * * *" See, also, Clements Mfg. Co. v. Eureka Vacuum Cleaner Co., D.C., 1 F.Supp. 384.

158

It sufficiently appears that the nature and extent of the estoppel arising from the prior decision will be issues upon the trial, and that it cannot fairly be said that substantial controversy is not present. The determination of these issues is not practicable upon the present record. They should be determined upon a complete record after trial.